# CHARLESTON.

## SHAFFER v. SHAFFER.

Submitted January 29, 1902.    Decided March 8, 1902.

1. BILL OF REVIEW—*Evidence to Support.*
    It is not error for the circuit court to reject a bill of review founded on after discovered evidence wholly insufficient to reverse the decree sought to be reviewed. *Wetherd* v. *Elliott*, 45 W. Va. 436 (32 S. E. 209). (p. 127).

2. CIRCUIT COURT'S ACTION MAY BE REVIEWED.
    Although the conclusion reached by the circuit court may be subject to grave doubts this Court will not reverse its action unless plainly erroneous. *Naughton* v. *Taylor*, 50 W. Va., 233, (40 S. E. 353). (p. 128).

Appeal from Circuit Court, Tucker County.

Action by W. H. H. Shaffer against J. Mathew Shaffer. Judgment for plaintiff. Defendant appeals.

*Affirmed.*

J. P. SCOTT, for appellant.

A. C. BOWMAN and S. H. BOWMAN, for appellee.

DENT, PRESIDENT:

John Mathew Shaffer appeals from certain decrees of the circuit court of Tucker County entered in a certain chancery suit therein pending wherein W. H. H. Shaffer was plaintiff and he was defendant.   Plaintiff filed his bill to enforce a vendor's lien. Defendant answered claiming offsets and tendering an alleged balance admitted to be due plaintiff.   Afterwards he filed a supplemental answer setting up and claiming that he had made plaintiff a payment of five hundred dollars twice by mistake and asked to be refunded the same.   On a final hearing the court decreed that defendant had tendered an amount in the suit more than sufficient to pay the balance due plaintiff but that as he had not made such tender prior to the institution of the suit defendant must pay the costs to the date of the tender; that defendant had not paid the five hundred dollars claimed twice and was not entitled to credit therefor and that each party should pay the costs of the suit after the tender except the costs of the reference to the commissioner was decreed to the defendant. Afterwards defendant filed his bill of review to which plaintiff demurred, and on a hearing the court sustained the demurrer and dismissed the bill of review.

The principal matter of contention here is the five hundred dollars claimed to have been paid twice.   On this question the evidence plainly preponderates in favor of plaintiff, and the double payment appears to be a mere matter of abused imagination on the part of the defendant.   The only grounds of the bill of review is the discovery of the lost title bond, which, however, when produced, furnishes little or no light on the matters at issue.   According to the title bond, which bears date 12th October, 1892, the consideration was four thousand one hundred and one dollars and seventy cents, five hundred and twenty-eight dollars in hand paid, two thousand two hundred dollars, to be paid March 1, 1893, one thousand dollars twelve months from that date and three hundred and seventy-three dollars and seventy cents to be paid in twelve months from the latter date.   At the same time defendant gave plaintiff a note for five hundred dollars due one day after date.   This note has endorsed on it:

"Oct. the 24th, Cr., on the within note four hundred and thirty-five dollars 13-100.   Paid on the within note $64.87 Nov. the 1, 92."

On the 7th day of November, 1892, plaintiff executed and delivered to defendant his deed for the property which was accepted by him and duly recorded. This deed shows the consideration as follows: Five hundred and twenty-eight dollars, payable to Henry C. Shaffer which meets the cash payment in the title bond. Four hundred and thirty-five dollars and thirteen cents payable to Fanny Erwin and sixty-four dollars and eighty-seven cents paid to James K. Wilson. These two payments tally exactly with the credits on the five hundred dollar note and just equal it in amount. One thousand seven hundred dollars to be paid 1st March, 1893, one thousand dollars March 1, 1894, and three hundred and seventy-three dollars and seventy cents March 5, 1895. This deed was executed and delivered within less than a month of the title bond, and by which it was rendered void or merged and if the defendant in the meantime had made a cash payment of five hundred dollars or its equivalent in any way he would certainly have remembered it and had the deed so corrected. But he does not discover the fact until some time after he had filed his original answer admitting an indebtedness to the plaintiff of three hundred dollars, to-wit: Sixteenth March, 1897, when he files a supplemental answer to bring it to the attention of the court. On this question there is considerable confusion in defendant's memory and testimony while plaintiff's is clear, explicit and accords with the written papers and surrounding circumstances and the circuit court did right to reject the claim.

On the question of tender the court is also sustained by the evidence and it committed no reversible error in the adjudication of the costs.

The question raised by the plaintiff as to whether he was entitled to interest on the deferred payments is certainly subject to grave doubts. The notes do not specify interest, but the evidence which is somewhat contradictory tends to establish the fact that this was an oversight, and that the defendant understood that he was to pay, and the plaintiff expected interest on the deferred payments. It is, however, a question that is open to grave doubt, and as the circuit court refused to allow such interest; this Court will acquiesce in its conclusion according to its uniform rulings in similar cases.

The decrees are affirmed.

*Affirmed.*