# CHARLESTON.

## GUTHRIE *v.* HUNTINGTON CHAIR COMPANY.

Submitted February 23, 1910. Decided April 11, 1911.

1. PAYMENT—*Pleading—Set Off and Counter Claim.*
    Sets-off and partial payments must be specified in a plea or in an account filed to be provable. Code 1906, chapter 126, section 4. (p. 155).

2. Bills and Notes—*Failure of Consideration—Evidence.*

Evidence to show failure of consideration in a promissory note must clearly show that the thing on which the failure rests entered into consideration of the note. (p. 154).

Error to Circuit Court, Cabell County.

Action by J. W. Guthrie against the Huntington Chair Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Geo. S. Wallace,* for plaintiff in error.

*Holt & Duncan* and *W. K. Cowden,* for defendant in error.

Brannon, Judge:

The Tucker Chair Company sold out its manufacturing plant to the Huntington Chair Company, the sale including some lumber in the yard. The Huntington Chair Company executed to the Tucker Chair Company four promissory notes. One of these notes was transferred by the Tucker Chair Company to J. W. Guthrie, and upon it he brought an action of *assumpsit* against the Huntington Chair Company, and the court directed a verdict for the plaintiff, and a verdict and judgment were rendered for him, and the Huntington Chair Company has brought this writ of error.

The Huntington Chair Company asked a witness what was the consideration for the note and offered to show that "the consideration for those notes was a part of the purchase price paid by the Huntington Chair Company, to the Tucker Chair Company for certain assets of the Tucker Chair Company, sold by it to the Huntington Chair Company; the purchase price to be a certain price, paid for certain machinery, plus an amount or so much per car, for certain stock then on hand, by the Tucker Chair Company, and that the Huntington Chair Company made certain advances to the Tucker Chair Company upon such purchase price, before the stock in the yard of the Tucker Chair Company was delivered by it to the Huntington Chair Company, and that it afterwards turned out that the amount so advanced by the Huntington Chair Company, was largely in excess of the purchase price agreed to be paid by it to the Tucker Chair Company, and that there is now due it, the Huntington Chair Com-

pany, by the Tucker Chair Company, on account of money advanced in excess of the purchase price, a large sum in excess of the notes herein sued on." The court refused to allow the question to be answered. It will be seen that this evidence would not show that the advances were made before notice to the Huntingon Chair Company of the transfer of the note to Guthrie. The evidence shows that they were made after notice. This proposed evidence would not show that the note was a part of the consideration both for the machinery and the lumber in the yard. It would not show whether the notes were given for the machinery alone, leaving the lumber in the yard to be priced and paid for in addition to the notes. The language of the proposed evidence indicates that the notes were given for the machinery and that the lumber was to be paid for at so much per car, without stating that the price was then fixed. The evidence would not show that this lumber was priced and made a part of the three thousand dollars for which the notes were taken. Unless that lumber on which the advances were made was a part of the three thousand dollars the failure in quantity of that lumber would not be a failure of consideration for the notes. It does not say that the advance was in excess of the price agreed to be paid for both. In other words, it would not show clearly that the lumber was a part of the three thousand dollars. In fact, the evidence shows that the lumber was to be paid for in addition to the three thousand dollars at a price thereafter to be fixed and to be delivered thereafter. These advances could not be payments because not offered or accepted as payments. Payment is a matter of contract; and secondly there was no specification of payments filed. Nor could they be treated as sets-off, because there was no specification filed, and secondly the proposed evidence did not show that the advances were made before notice of the assignment. Counsel does not seem to rely very much upon these advances as payments or sets-off, but on the theory that the lumber was a part of the consideration for which the notes were given; but the proposed evidence would not show that.

The question was asked a witness, "I will ask you to state whether or not the Huntingon Chair Company did pay the Tucker Chair Company for the lumber," and the court would

not allow the question to be asked.  The defendant offered to show that at the time the contract was made it was agreed that the Huntington Chair Company would take from the Tucker Chair Company certain stock in material that it had on hand from time to time as needed, and that before the stock was delivered the Huntington Chair Company, "from time to time, made certain advances to the Tucker Chair Company" and at the time of the assignment of the notes the "Tucker Chair Company was largely indebted to the Huntington Chair Company and the Huntington Chair Company was entitled to offset that amount."  Now, this is a claim to setoff and it cannot be allowed, because, if for no other reason, there was no specification of them filed.  They are not and cannot be treated as payments because there is no specification of them as partial payments, and because they were neither offered nor accepted as payments. Payment is a matter of contract.  The evidence clearly shows that the four notes of $750 each were for the purchase price of the machinery and plant, and that the lumber in the yard to be thereafter delivered by car loads from time to time as needed was to be paid for in addition to the three thousand dollars represented by said notes.

We cannot see any error in the case and therefore affirm the judgment.

*Affirmed.*