# CHARLESTON.

MONONGAHELA TIE & LUMBER CO. v. ELIZABETH FLANNIGAN.

Submitted November 2, 1915.    Decided November 16, 1915.

1. DAMAGES—*Judgment on Motion—Set-Off and Counter Claim.*
   By admitting the validity and correctness of plaintiff's demand, proved before a jury, empaneled to try the case, upon the issues joined in assumpsit, with notice of recoupment, and recoverable only thereunder, because in the nature of unliquidated damages, controverted and not capable of ascertainment by computation, though arising out of the same transaction, a defendant can not, under any provision of chapter 126 of the Code, by motion, sustained, to discharge the jury without rendition of a verdict, and for leave, in lieu thereof, granted, to prove before the court the contents of a special plea, not replied to, averring only matters contained in such notice, have judgment over, plaintiff objecting and excepting thereto, on such counter claim, though it exceeds the demand stated in the declaration.    (p. 165).

2. SAME—*Judgment on Motion—Right.*
   Section 4 of chapter 126 authorizes such judgment only for sets-off arising out of independent contracts or transactions between the parties or between defendant and those under whom plaintiff claims, but not unliquidated damages; and if pleaded and proved, under notice thereof, judgment for defendant may be rendered for the excess of the sets-off herein described over the demand averred in declaration.    (p. 165).

3. SALES—*Special Plea—Allegation of Defenses.*
   Section 5 provides only for pleas alleging any such failure in the consideration of the contract, or fraud in its procurement, or breach

of warranty of title to realty or personalty or of the soundness of personal property, for the value or price whereof defendant entered into such contract, as would entitle him to damages from plaintiff or persons under whom he claims, or to relief in equity in whole or in part against the obligation thereby imposed, or, if the contract be by deed, and defendant alleges and proves any such matter existing before the execution thereof as would entitle him to relief in equity, and the amount to which he is thereby entitled. The matters averred in the special plea do not come within the permissive terms of this section. (p. 167).

4.  Set-Off and Counter Claim—*Judgment—Recoupment.*

Section 9 authorizes recovery over only on pleadings authorized by that chapter, by none of whose provisions can defendant obtain judgment against plaintiff by reason of an excess of a counter claim provable only under a notice of recoupment. That doctrine remains unaltered, and applies where the demand and counter claim arise out of the same contract or agreement, express or implied. (p. 168).

5.  Pleading—*Special Plea—Replication—Judgment.*

While a special plea alleging new matter in bar of plaintiff's right to recover, not replied to, may require judgment thereon for defendant, yet where the matters so alleged, if proved, present no defense to the action, or are provable, under a notice of recoupment, and, if objected to, should be rejected, a replication thereto is not required, and, the omission thereof being immaterial, judgment on the plea is erroneous. (p. 167).

6.  Set-Off and Counter Claim—*Fraud.*

Nor does section 5 admit recovery for breach of any contractual obligation fraudulently committed by either party thereto. The party not in default must resort to other common law remedies for redress therefor. (p. 168).

7.  Fraud—*Pleading—Necessity.*

Fraud, like any other necessary fact, must be alleged as well as proved before relief therefrom can be obtained by the party injured thereby. (p. 169).

8.  Pleading—*Set-Off and Counter Claim—Counter Claims—Judgment.*

Counter claims arising out of the same contract or transaction, whether liquidated or not, may be proved under notice of recoupment and general issue; but, while to the extent proved such claims may bar or reduce a recovery by plaintiff, defendant, under recoupment, can not have judgment over. (p. 165).

Error to Circuit Court, Monongalia County.

Action by the Monongahela Tie & Lumber Company against

Elizabeth Flannigan. Judgment for defendant, and plaintiff brings error.

*Reversed, and new trial awarded.*

*Chas. T. Herd* and *Lazzelle & Stewart,* for plaintiff in error.

*J. R. Sheppard* and *Stewart & John,* for defendant in error.

LYNCH, JUDGE:

Claiming an indebtedness of $1400 as a balance due from defendant, under a contract executed September 1, 1909, delivered April 20, 1910, for the sale and purchase of timber on 500 acres of land in Monongalia county, known as the "McClaren tract", the contract stipulating the price therefor and the terms of payment, plaintiff brought assumpsit, and defendant pleaded non-assumpsit, tendered and was permitted to file a notice of recoupment, and, over plaintiff's objection, also a special plea. The notice and plea aver the same defensory matters against the claim alleged in the declaration. In detail they charge that, in consequence of the delayed delivery of the contract, whereby defendant was prevented from exhibiting her title and authority to sell, she was deprived of the benefit of a sale of 420,000 feet of timber, log measure, by her cut at great cost and expense from the tract of land, the prospective profits therefrom, as so alleged, amounting to $3150. On the non-assumpsit plea issue was regularly joined; but plaintiff did not reply to the special plea, because, as argued by counsel, the matters therein contained, if true, were provable under the general issue and the recoupment notice.

After plaintiff had proved its claim before the jury, empaneled to try the case upon the "issues joined", defendant, admitting the validity and correctness of the account averred in the declaration, moved the discharge of the jury before verdict, which motion being sustained and the jury discharged, defendant furthermore moved for leave to prove her counter claim before the court in lieu of a jury, and, when so proved, to enter judgment in her favor therefor less plaintiff's demand so admitted. These several motions the court sustained, and accordingly rendered judgment for $2089.60 over the protest and objection of the plaintiff, who brings the

case here, praying reversal upon various assignments of error.

For defendant, it is insisted that the special plea properly set up defenses authorized by sections 4 and 5, ch. 126, Code, and, when not replied to, its averments ought to be taken as true without proof thereof. The evident object to be attained by this procedure was obviation of the limitations ordinarily imposed upon the extent of the relief allowed under the doctrine of recoupment, as generally understood and applied in this and other jurisdictions. Under it defendant is permitted to defeat or to curtail recovery by plaintiff, but not to recover against him when the counter claim exceeds the demand stated by plaintiff. If such claim exceeds or equals his demand, defendant is entitled to costs only.

But, by the plea, defendant undertook to and did obtain a substantial recovery against plaintiff; and her right thereto she seeks to maintain by invoking the provisions of the sections cited. Does this case fall within the equitable provisions of either section? To this inquiry the only response is a negative one. Generally, unliquidated damages can not be allowed as a set-off against a legal demand, either in an action at law or in a suit in equity, though when they arise out of the contract or transaction on which plaintiff's demand is based damages may be proved and allowed to reduce or bar recovery by him. *Coal & Coke Co.* v. *Coal & Coke Corporation,* 67 W. Va. 503. No judgment over can be had by way of recoupment. *Guano Co.* v. *Appling,* 33 W. Va. 470; *Manufacturing Co.* v. *Sweeney,* 47 W. Va. 638. While by recoupment, itself an innovation on the strict rules of the common law, defendant attempts to rebate part or all of the claim or demand on which he is sued, by proving a legal or equitable right or counter claim when the original demand and counter claim arise out of the same transaction (34 Cyc. 623), ordinarily a set-off is a counter demand held by defendant against a plaintiff arising out of a transaction extrinsic of plaintiff's cause of action, and by means whereof defendant may liquidate the whole or a part of plaintiff's demand according to the amount of the set-off. In character and effect, they are cross actions; and, when the set-off exceeds the demand of the plaintiff, defendant may have judgment for the excess, though he can not recover under a notice of re-

coupment, however much the counter claim may exceed such demand. See opinion in *Railroad Co.* v. *Jamison,* 13 W. Va 833, 841.

The object of the liberal provisions of chapter 126 was the modification of the strict common law rule denying defendant right of recovery of a judgment for a positive claim against plaintiff. Though the ~ross demands were mutual and liquidated, or capable o⁴ \scertainment by calculation, and arose out of disconnected contracts, a judgment over was not allowed under such rule. They could not be settled in one litigation. Defendant was relegated to his common law remedy. This inflexible requirement §4 modified, and provided that ''in a suit for any debt, the defendant may at the trial prove, and have allowed against such debt, any payment or set-off which is so described in his plea, or in an account filed therewith, as to give the plaintiff notice of its nature, but not otherwise. * * * And when the defendant is allowed to file and prove an account of set-off to the plaintiff's demand. the plaintiff shall be allowed to file and prove an account of counter set-off, and make such other defense as he might have made had an original action been brought upon such set-off, and in the issue, the jury, judge, or justice shall ascertain the true state of the indebtedness between the parties, and judgment be rendered accordingly''. But that section did not alter or change the nature or character of the counter claims and demands as defined and understood at the common law. They remained the same. Nor did the section supersede the rule regarding counter claims arising out of the same contract or transaction, except when readily reducible to certainty by calculation upon a definitely fixed basis therefor. Otherwise, they are not within the intendment or object of the provisions quoted. These provisions relate only to set-off or counter claims arising out of different and disconnected contracts. whether express or implied, with the exception noted.

Being unliquidated, uncertain and controverted, and arising out of the same contract, the demand sought to be proved by defendant in this action, as the basis of a right to a judgment in her favor for the difference in amounts, does not warrant that relief. The section cited does not avail as a remedy.

Defendant must resort to a cross action or rely on her recoupment notice. Under this construction of the statute, it is evident the special plea was erroneously filed over plaintiff's objection. It should have been rejected. Its presence in the record and the procedure thereon were prejudicial to plaintiff, whether replied to or not. The claim set up by it was not in the nature of a set-off. The claim asserted by the plea was a proper recoupment, and provable under the notice therefor and the general issue.

While a special plea setting up new matter in bar of plaintiff's right of recovery, not replied to, requires rendition of judgment thereon for defendant, as held in *Henry* v. *Railroad Co.*, 40 W. Va. 234, and *State* v. *County Court*, 47 W. Va. 692, a plea in bar alleging matters which, if true, present no defense to the action, if objected to, should be rejected. *State* v. *Purcell*, 31 W. Va. 44. The new matter which calls for a reply must be material; and if the matter so pleaded may be proved under a general denial or general issue, also pleaded, a reply is not necessary. 31 Cyc. 244. Also, where the plea ought not to have been filed, when objected to, or rejected upon plaintiff's motion, a replication thereto, whether general or special, is not required. *State* v. *Purcell, supra*. Its omission is immaterial.

Nor can the filing of the plea be justified by section 5 of chapter 126. It authorizes a plea only when there is "failure in the consideration of the contract, or fraud in its procurement, or such breach of the warranty of title to real estate or of the title or soundness of personal property, for the price or value whereof defendant entered into the contract, as would entitle him either to recover damages at law from plaintiff or the person under whom plaintiff claims, or to relief in equity in whole or in part against the obligation of the contract; or if the contract be by deed, alleging any such matter existing before its execution, or any mistake therein, or in the execution thereof as would entitle him to such relief in equity; and in either case alleging the amount to which he is entitled by reason of the matters contained in the plea. The plea filed by defendant in this action does not aver failure of consideration, fraudulent procurement of the contract, or breach of warranty of title (nor does the contract warrant the title or

soundness of the timber sold), or breach of the implied covenant for quiet enjoyment of the McClaren tract for the purpose of removing and marketing such timber.

Section 9 of chapter 126 applies only to pleas allowed under the provisions of that chapter. It expressly so states. It provides that "a defendant who files a plea or an account under this chapter shall be deemed to have brought an action against the plaintiff (at the time of filing the same) for the matters in such plea or account", and allows · a judgment against plaintiff when the cross claim pleaded or shown in the account exceeds his demand. · The section does not supersede relief by recoupment, or therefor substitute an additional remedy, where the cross claim arises out of the same transaction. That rule or right remains unaltered by the provisions of the chapter, and is available for the purposes for which it was originally invoked and applied. Resort to it is usual and frequent, and avoids protracted litigation as regards matters in issue touching the rights of the parties whose cause of action is based on the same agreement, express or implied, and not on separate and independent transactions between them.

For defendant it is argued that, though the contract sued on purports delivery on the day of its execution, it was not delivered until April 20, 1910, and, as in the meantime, by notice to vacate the premises under threat of arrest as a trespasser, defendant was prevented from prosecuting the work of cutting and marketing the timber pursuant to the terms of the contract for the sale thereof, plaintiff perpetrated a fraud on her; whence she concludes the plea was properly tendered and filed, and hence plaintiff was ·chargeable with the consequential damages proved thereunder. What has been said by way of construing the statutes relied on fully answers this contention. Section 5 does not authorize a recovery for breach of reciprocal contractual obligations fraudulently or wrongfully committed by either party thereto. The party not in default has other specific adequate remedies to which he is required to resort for relief. He must pursue the common law remedies ordinarily available for that purpose, or, when sued on the contract, may recoup plaintiff's demand in suit. That section does not expressly or by implication exclude or enlarge these remedies. As we have seen,

it allows relief only against failure of consideration, .fraudulent procurement, or breach of warranty of title to property or of the soundness of the chattel sold, and does not include any other subsequent fraudulent conduct chargeable to either party to the agreement.   Under well known rules of construction, the expression of ⁀ne or more covenants or conditions effectually excludes others not mentioned.

But if the conduct imputed to defendant were fraudulent within the purport and intendment of the statute, it could not avail defendant unless pleaded by her.   Fraud, like any other fact essential to recovery, must be alleged as well as proved.   The plea is silent on that subject.   In it is no charge of fraud. ·Its averments refer by way of recital only to damage in consequence of plaintiff's failure to deliver the contract, whereby she lost the profits of an anticipated or executory contract arising from a resale of logs cut by her on the land pursuant to the terms of the agreement with plaintiff.   Nor does defendant therein allege she abandoned possession of the land theretofore taken, or discontinued the exercise of the rights conferred by the contract, by reason of such failure in delivery or of the notice to quit accompanied by a threat of arrest and prosecution.   She complains only of the loss due to such failure and notice.

A further question presented in argument relates to the admissibility of evidence offered by plaintiff and rejected by the trial court.   The object intended by the proof refused was to excuse delivery of the contract with defendant until her husband, who acted as her agent in procuring for her the contract, should, according to an alleged agreement by him and plaintiff, execute and deliver to the latter a release of an account held or claimed by him against the plaintiff.   The theory on which rejection of the evidence was predicated was that, if admitted, it would tend to vary the testimonial clause of the written contract with defendant, wherein it recites that plaintiff caused the agreement to be signed, and delivered in its name and behalf by its president; also that the proof would tend to augment the consideration expressed in the instrument.   Such theory, though earlier rigidly applied and enforced, has been relaxed in modern practice.   The rule now almost universally adopted is, as stated in 3 Jones on Evi-

dence §469: ''The consideration expressed is only presumptive evidence that it is the real consideration, and that presumption may be overcome by parol evidence showing another or greater consideration. The reason for relaxing the general rule in this particular is stated to be that a change in or contradiction of the expressed consideration touches not the covenants of grantor and grantee in the deed, and neither limits nor enlarges the grant''. But the grantor can not, by showing want of consideration, impeach the deed, and thereby defeat the title passed by it. He may show what was the real consideration. In general, then, it may be said that a recital of consideration received is, like other admissions, disputable so far as concerns the thing actually received, but that so far as the terms of a contractual act are involved the writing must control, whether it uses the term consideration or not. 4 Wigmore on Evidence §2433, p. 3432. Though stating the rule in different terms, to the same effect are 17 Cyc. 648; 1 Elliott on Evidence §582. And our own decisions lay down the same general rule. 10 Enc. Dig. 700. But the object and purpose of the proof offered and rejected was not to enlarge or curtail the consideration to be paid by defendant, but to excuse prompt delivery of the contract. For this purpose it was erroneously withheld from the jury. It was proper for their consideration upon that inquiry, and its rejection apparently was prejudicial. They could have given it such weight as to them seemed right and just. While not conclusive, it was evidentiary.

Nor did the statement in the testimonial clause of the contract justify rejection of the evidence. Though a deed imports delivery as of the date it bears, it may nevertheless be held in escrow, and so it may be notwithstanding such statement. Delivery in escrow, by agreement of the parties, to a stranger thereto, to be by him delivered to the grantee upon performance of some condition not expressed in the instrument, is of usual occurrence. *Bank* v. *Lumber Co.*, 32 W. Va. 357; *Watson* v. *Coast,* 35 W. Va. 463. Nor, when read in the light of the facts on which it is predicated, does *Mining Co.* v. *Harris,* 65 W. Va. 152, cited by defendant, sustain refusal of the evidence offered by plaintiff. That case holds only that where the grantor manifests an intention to deliver his deed

the delivery thereof becomes complete and effective as a conveyance of title.

These conclusions lead to a reversal of the judgment and the award of a new trial; and such will be the order entered here.

*Reversed, and new trial awarded.*