# CHARLESTON.

EVA PAULINE SCHMULBACH *et. al v.* BENJAMIN G. WILLIAMS

Submitted December 11, 1923.   Decided December 22, 1923.

1.  BILLS AND NOTES—LIMITATION OF ACTIONS—*Sight Draft Paid by Drawee Presumed to be Paid on Account of Previous Indebtedness. Limitation Applicable Where Draft Has Been Paid by Loan from Drawee to Drawer Stated.*

    A sight draft paid by the drawee is presumed to have been drawn and paid on account of previous indebtedness from the drawee to .the drawer; and an obligation founded upon parol evidence tending to prove that the draft had been paid by loan from the former to the latter is governed by the provision of Section 6, Chapter 104 Code (Barnes' 1923), requiring suit to be brought upon unwritten contracts within five years.   (p. 283).

2.  SAME—*Holder of Check Cannot Recover Against Drawer Until Presentment and Notice of Nonpayment.*

    As a general rule the holder of a check cannot recover against the drawer until it has been presented for payment and notice of non-payment given the latter.   (p. 283.).

3.  PAYMENT—*Defendant May Show Under General Issue Payment of Independent Claims.*

    ' In action upon several independent claims the defendant may show under the general issue that he has by single payments separately discharged in full each of them.   (p. 284).

Error to Circuit Court, Marion County.

Action by Eva Pauline Schmulbach and others, executors, against Benjamin G. Williams.  Judgment for plaintiffs, and defendant brings error.

*Reversed and remanded.*

*Rollo J. Conley* and *H. H. Rose,* for plaintiff in error.

*William S. Haymond* and *Frank C. Haymond,* for defendants in error.

LITZ, JUDGE:

The defendant prosecutes this writ of error to judgment of the circuit court of Marion county entered January 29, 1923, upon the verdict of a jury in favor of the plaintiff for

the sum of $4983.46, in a proceeding for judgment by motion, under Section 6, Chapter 121, Code (Barnes', 1923).

The defendant pleaded the general issue.

Plaintiffs introduce upon the trial, as items of indebtedness held by them against the defendant, uncancelled checks of defendant, payable to the order of Schmulbach Brewing Company, and sight drafts drawn by him and paid by Schmulbach Brewing Company, drawee, as follows:

> Check dated July 13, 1911, for $724.85; protested for non-payment August 4th, 1911.
> Check dated July 25, 1912, for $326.20; thereafter protested.
> Check dated October 31, 1912, for $317.35; protested for non-payment November 8, 1912.
> Check dated July 27, 1911, for $545.95; thereafter protested for non-payment.
> . Check dated September 9, 1911, for $753.70; but never presented for payment.
> Draft dated May 5, 1911, for sum of $1000.00.
> Draft dated March 1, 1911, for sum of $250.00.

The plaintiffs assert right through Schmulbach Brewing Company under deed from it dated June 30, 1917, granting to them certain real estate and all other of the grantor's property.

The defendant for twenty years next preceding the taking effect of prohibition, July 1, 1914, conducted Skinners Tavern in the city of Fairmont, and in connnection therewith operated a saloon for the retail sale of liquors. During this period he purchased at wholesale from Schmulbach Brewing Company beer manufactured by it, paying therefor by check and cash numerous and large sums of money. Business relations between these parties, involving other transactions, continued until about June 1, 1915.

Evidence was admitted over defendant's objection for the purpose of showing the money paid by Schmulbach Brewing Company in discharge of the two drafts was lent or advanced by it to the defendant under parol agreement. Later, upon defendant's motion, the $1000.00 draft was stricken out as not being properly described in the notice.

The defendant offered to prove that each of the instruments

sued on had been separately discharged in full by a single
payment. But the evidence was rejected on the ground that
payment in this manner was partial, not provable under the
general issue.

Defendant assigns the following errors:

(1)   That the claim under the $250.00 draft rests upon
oral contract, and is, therefore, controlled by the statute of
limitations governing actions on parol agreements. Section 6,
Chapter 104, Code.

The draft is presumed to have been drawn on account of
some indebtedness from the Schmulbach Brewing Company
to the defendant, and paid out of funds of the latter in the
hands of the former. 3 R. C. L. 1146; 1 Green. Ev., sec. 38;
3 Philips on Ev., p. 121. The plaintiffs undertook to set up
by parol against this presumption that the drafts had been
paid out of monies advanced or lent defendant by Schmulbach
Brewing Company. So that any contract, or promise, thereby
shown arises from verbal facts entirely outside of the draft,
and is, therefore, unwritten. As was said in the case of
*Ashley* v. *Vischer*, (Cal.) 85 Am. Dec. 65, involving suit by
the holder of a plain receipt for money: ''By itself, it is not
evidence of a debt. It does not acknowledge or state a fact
from which the law implies an obligation, and we do not think
that a liability can be said to be 'founded upon an instrument
of writing', from the terms of which the law does not, *prima
facie,* imply any liability whatever''.

To treat the alleged parol transaction as written evidence
of debt would thwart the very object and purpose of the
statute of frauds. Here it is shown that no direct demand was
ever made upon defendant until the institution of this pro-
ceeding, June 10, 1921, nearly ten years after the payment of
the draft. Not only this, but the record discloses previous re-
covery of judgment by defendant against the plaintiffs. This
claim, if valid, could have been presented as an offset in
that case. We are clearly of opinion that such claim is gov-
erned by the five years limitation and, therefore, barred.

(2)   That the check for $753.70, not shown to have been
presented for payment, was improperly admitted in evidence.

As a general rule, the holder of a check can not recover

against the drawer until it has been presented and notice of non-payment given the latter. *Compton* v. *Gillman,* 19 W. Va. 312. It is suggested that non-payment of the other four checks sued on sufficiently establishes want of funds in the hands of the drawee, excusing presentment of the check in question. But this is an unwarranted conclusion, in view of the continuing business relations between the defendant and Schmulbach Brewing Company involving payment by the former to the latter, after the giving of such check, of large and numerous sums of money, by checks and otherwise.

(3) That the trial court improperly rejected the evidence of defendant showing that he had by single payment separately discharged in full each of the instruments sued on.

We do not think that a discharge in this manner was in any sense "partial payment". The same question was considered in the case of *Simmons* v. *Trumbo,* 9 W. Va. 358, wherein the plaintiff brought debt on two bonds of $600.00 each. The defendant pleaded the general issue without filing statement of payments. Evidence was introduced tending to show that one bond was paid after its maturity, and that the other was discharged by applying on it at one time three payments originally given to the plaintiff for another purpose. Discussing the proof of payment in this manner under the plea, Judge GREEN, in the opinion, states: "On the other hand, the appellees insist that the proof of the payment of the first bond, as well as proof of the three several payments on the second bond, and the surrender thereof as paid in full, ought to have been excluded from the jury, and should not now be considered by this court, as no bill of particulars was filed describing them. We think proof ought to have been received, even if objected to at the trial. *There were no partial payments made upon the first bond, the whole being paid at one time.* Nor was there, properly speaking, any partial payments made on the second bond, the three payments now claimed to be partial payments being treated and received as payments by the plaintiff at one time, that is, when he surrendered the bond. No bill of particulars need be filed to admit proofs of such general payments".

General payment may be proved under the general issue.

*Id.; Shanklin* v. *Crisamore,* 4 W. Va. 134; *Bank* v. *Evans,* 9 W. Va. 373; *Shore* v. *Powell,* 71 W. Va. 61.

If the instruments sued on were severally discharged by general payment, as the defendant offered to show, the plaintiff could not change the character of payment by combining in one suit the claims arising under all the writings.

It should also be remembered that the plaintiffs are proceeding by motion for judgment, under Section 6, Chapter 121, Code, (Barnes', 1923). This statute was enacted for the purpose of furnishing simpler, more expeditious and less expensive remedy for the collection of debts than the regular action; and the remedy should, therefore, be viewed with much liberality under the rules of pleading. The Virginia court has accordingly held that in such proceeding, under a plea of non-assumpsit, without specification, the defendant may prove sets-off or partial payment, notwithstanding a statute in that State, identical with Section 4, Chapter 126, of our Code, providing: "In a suit for any debt, the defendant may at the trial prove, and have allowed against such debt, any payment or set-off which is so described in his plea, or in an account filed therewith, as to give the plaintiff notice of its nature, but not otherwise". *Whitley* v. *Booker Brick Co.,* 113 Va. 434.

We therefore reverse the judgment of the circuit court, set aside the verdict, and award the defendant a new trial.

*Reversed and remanded.*