# CHARLESTON.

W. Claude Davis *v.* Nelle S. Davis

(No. 6370)

Submitted November 6, 1929. Decided November 12, 1929.

*Powell & Clifford* and *Lilly, Lilly & Warwick,* for appellant.
*Steptoe & Johnson* and *James M. Guiher,* for appellee.

158

HATCHER, JUDGE:

This is a divorce suit in which the plaintiff alleged desertion. The defendant's answer is in the nature of a cross-bill in which she charged the plaintiff with desertion and cruelty. The cause was submitted to a commissioner in chancery before whom depositions were taken. He found in favor of defendant on both of her charges. The divorce commissioner concurred in the finding, exceptions thereto were overruled by the circuit court, a divorce *a mensa* was granted defendant, and the plaintiff was directed to pay her $30.00 a month alimony, until the further order of the court.

Prior to July 17, 1927, the parties had lived for a number of years in a house on Washington avenue in Clarksburg. On that day he moved some furniture to another house, where he afterwards resided. She refused to accompany him. He says that her refusal constitutes desertion under the rule that the husband has the right to select the domicile. See Schouler, Marriage, Divorce, etc., (6th Ed.), sec. 40. She says that his selection of the second house was arbitrary, and not within the general rule, and that his removal from their established home was desertion of her by him. See *Hall* v. *Hall*, 69 W. Va. 175. The evidence indicates that she was unreasonable in refusing to accompany him to the second house, if the evidence as to his prior treatment of her be not considered. This proposition needs no development, however, as we are of opinion that the finding as to cruelty is well sustained.

The defendant narrated a number of instances of abuse, villification and mistreatment of her and her family by the plaintiff. She testified that his conduct had caused her to fear him and to suffer from extreme nervousness. A recital of her account of the language used and the indignities inflicted would not enrich our judicial literature or serve any other useful purpose. Suffice it to say that the conduct of plaintiff as depicted by defendant constituted legal cruelty. See *Horkheimer* v. *Horkheimer*, 106 W. Va. 634, 641. As in most litigated divorce cases, the picture painted by one spouse is in entirely different colors from that limned by the other. Plaintiff denied any abuse, billingsgate or oppression. He found inferential support in the testimony of several witnesses

who stated that they had roomed in the house on Washington avenue, and had not heard any of the language or observed any of the misconduct charged to him by her. On that score, however, she has the advantage of the plaintiff, as she produced witnesses who had so heard and observed. The commissioner and the trial chancellor gave preference to the positive evidence supporting her over the negative evidence in his favor. This was in accordance with the general rule, and under the circumstances of this case was proper. 23 C. J., p. 42, sec. 1787. How then can we condemn the finding of the lower court, much less say it is plainly wrong, as our established rule would require for a reversal? See *Walton* v. *Pritt,* 93 W. Va. 375; *Wood* v. *Johnson,* 102 W. Va. 454. As was said in *Roberts* v. *Roberts,* a divorce case recently decided by this Court: "We cannot say, merely because of defendants contradictions, that the lower court was 'plainly wrong' in preferring plaintiff's evidence. We cannot say that the finding in her favor is unwarranted even if defendant's evidence were held by us to balance the facts or subject the finding to grave doubts. 4 C. J., p. 883, sec. 2855: *Shaffer* v. *Shaffer,* 51 W. Va. 126. The preference of the lower court imposes on us now the duty of regarding her evidence favorably. 2 R. C. L., p. 206-7, sec. 173."

A set of dining room furniture bought by plaintiff was awarded defendant, she having testified that he gave it to her as a wedding gift. He denied the gift, but admitted that she had stated to several people in his presence that he had given her the set, and that he had not denied her statement. He claimed that he admonished her privately that he wanted her to call the furniture "ours". The circuit court accepted her statement and again we cannot say the finding is wrong.

It appears that the plaintiff has regular employment from which he receives $165.00 a month. Thirty dollars of this amount monthly, for the support of defendant, does not seem unreasonable. If changed conditions should make this payment oppressive to the plaintiff, he may apply to the lower court for relief.

The decree of the circuit court is affirmed.

*Affirmed.*