# CHARLESTON.

STATE *v.* HUNTER ADAMS.

(No. 6576))

Submitted January 14, 1930.   Decided January 21, 1930.

*F. R. Hill,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

MAXWELL, JUDGE:

This writ of error lies to a conviction of grand larceny. The sufficiency of the evidence to sustain the verdict is the only question presented for our determination.

In the fall of 1927, Fred Robertson's automobile broke down near Frost in Pocahontas county, and he then procured storage for it in a barn of Earl Dever who lived in the vicinity.

The car remained in the barn until about the first of August, 1928, when Dever moved it out of the barn to make storage room for hay. A week or two thereafter a prospective purchaser of the car and Dever made an examination thereof and found all parts in place. The foregoing facts are undisputed. Further it appears from the state's evidence that in the latter part of September, 1928, the defendant came to Dever's home about dusk and inquired concerning the ownership of the car and wanted to buy the generator that was on it; that Dever refused to sell the generator to Adams, explaining to him that the car was owned by another man; that Mrs. Dever at that time saw and talked to the person who made the said inquiry with reference to the purchase of the generator but she did not know who it was; that later that evening the Devers went to the home of a friend six or seven miles away and upon their way home between eleven and twelve o'clock that night they met a car which Dever testified looked like defendant's. Dever further said he had known defendant for three or four years and knew he drove a Hudson car.

On November 4, 1928, Robertson returned for his car and found the generator and starter, coil, distributor head and the wiring, an oil line and oil pump and horn missing. Upon information furnished by Dever, he came to Huntsville, procured a search warrant and accompanied by state officer, Jack Tidd, searched defendant's two garages in Setlington. Articles corresponding with the missing ones were found but Robinson could identify only two. The first of these was the coil which was found attached to defendant's Hudson brougham. Robertson testified that he bought the coil in January, 1927, at Uniontown, Pa., and, objecting to the price, the sellers, Jones and Guiseman, guaranteed it and scratched their firm name thereon with a screw driver. The coil was identified by the name scratched thereon. The second article to be identified was the generator, which was found unattached in defendant's garage. It was blue and looked to be freshly painted. Robertson testified that he had painted it with radiator gilt in 1926, and in so doing had painted under a certain band which was later covered by the blue paint. The radiator gilt or enamel showed under the band when it was removed.

These two articles were seized by the officer and were introduced in evidence at the trial. The other articles, not being identified, were left in defendant's possession. Robertson further testified that the coil cost eleven or twelve dollars and that the generator's original cost was forty-two dollars and that it was worth twenty-five at the time of the trial. There was no dispute of the value of the articles.

Defendant's testimony is directly contradictory of the state's evidence. He denied positively that he took any of the parts from the Robertson car and said he was not at Dever's home, in fact never knew Dever. He testified that he operated a Hudson coach in the fall of 1928 belonging to his father who, in October, 1928, bought from one Cam McLaughlin another Hudson car out of which they were going to make a truck. McLaughlin and one B. O. Dunbrack, a garage worker in Marlington, testified to this sale. Defendant said he transferred the engine from the McLaughlin car into the Hudson coach, and that the coil and generator hereinbefore referred to were also parts from the McLaughlin car. He further said he painted everything he took out of the McLaughlin car. Amos Cline testified that he helped defendant change the engine from one car to the other but said no other parts of the McLaughlin engine were taken out. Under cross-examination he said the generator was still attached to the engine but he knew nothing about the coil. He testified directly that defendant used paint around the car and it was aluminum paint of a silver color. This is all the pertinent testimony adduced on behalf of the defendant.

In our opinion the state's evidence was sufficient to support a verdict of guilty. The positive proof that the articles mentioned in the indictment were missing from the Robertson car; the testimony of the Devers as to the inquiry by defendant with reference to certain parts of the car thus showing his interest therein; the identification of the coil and generator in the defendant's possession, and the manner of the indentification all seem to point in conclusive manner to defendant's guilt. The jury were the sole judges of all those matters and their verdict should not be disturbed. *State v. Scurlock*, 99 W. Va. 629; *State v. Warner*, 106 W. Va. 409.

We note the striking similarity between this case and the Virginia case of *Sparks v. Commonwealth,* 116 S. E. 236, wherein the evidence that accused. was seen in the vicinity of a wrecked automobile, and that the parts stolen from it were later found in his garage was held sufficient to sustain conviction of larceny.

The judgment of the trial court is affirmed.

*Affirmed.*