WOOD COAL COMPANY, INCORPORATED, *a corporation*

*v.*

LITTLE BEAVER MINING CORPORATION, *a corporation*

(No. 11093)

</div>

Submitted Sept. 13, 1960.          Decided Oct. 18, 1960.

*Thomas R. Wilson, Jr.,* for plaintiff in error.

No appearance for defendant in error.

BERRY, JUDGE:

The plaintiff, Wood Coal Company, Incorporated, a Corporation, instituted the statutory proceeding of motion for judgment in the Circuit Court of Raleigh County, under provisions of Code, 56-2-6, against the defendant, Little Beaver Mining Corporation, a Corporation, to recover the sum of $3,218.26, alleged to be due under the terms of a written contract between the two parties for coal sold and delivered by the plaintiff to the defendant. The plaintiff filed with his motion for judgment an affidavit stating the several items of its claim after deducting therefrom any credits or set-offs to which the defendant was entitled, as provided by statute, which also provides in such a case that no plea can be filed unless the defendant files an affidavit denying the claim and that defense to such motion may be made in the same manner as actions at law. The defendant filed an affidavit denying the claim of the plaintiff, but filed no plea or notice of a counterclaim specifying the items claimed by defendant.

The case was heard by the trial court without a jury, by an agreement of the parties and a judgment was entered in favor of the plaintiff on July 25, 1959, in

the amount of $3,218.26. The defendant thereupon moved the trial court to set aside the judgment and grant to it a new trial, which motion was overruled. Upon application to this Court, a writ of error was granted on January 18, 1960.

The case is based on a written contract made and entered into by the parties hereto. The contract in question provided that the defendant would pay to the plaintiff the sum of $4.05 per ton for all coal mined by the plaintiff on property owned or leased by the defendant and delivered by the plaintiff to the defendant and accepted by it. The contract also provided that if the defendant should at any time refuse to accept delivery of the coal mined by the plaintiff under the contract, the plaintiff had the right to sell the coal elsewhere upon the payment to the defendant of $.35 per ton. The contract further provided that all settlements between the defendant and the plaintiff shall be made on the first and sixteenth days of each month for the corresponding periods in the preceding month, and that each monthly settlement shall be paid in cash or by check to the plaintiff by the defendant, less any advancements, credits or amounts for which the plaintiff shall then be obligated to the defendant. The plaintiff agreed to mine and deliver coal of ''merchantable and saleable quality, free of dirt, refuse and other impurities; and said production must meet the analysis and specifications of current orders'' of the defendant; that if the defendant is required to issue any credit memoranda on coal sold under the contract, the plaintiff shall have reasonable opportunity to investigate the cause of the credit memoranda.

Operation under the contract was begun on March 5, 1959, and continued until April 13, 1959. During this time the plaintiff delivered to the defendant 1,085.4 tons of coal amounting to the contract price of $4,395.87, before any deductions were made. The plaintiff deducted the partial payment made by the defendant for such coal, as well as certain other coal

mined by him and sold to other parties, as provided by the contract, and for copper wire obtained from the defendant, which left the sum of $3,218.26, the amount sued for in its motion for judgment. The defendant, without filing any notice or plea with regard to any counterclaim in this case, attempted to introduce evidence to the effect that it was entitled to certain other credits under the contract, such as a penalty of $1.75 per ton for most of the coal involved and $1.50 per ton for a smaller part of the coal, amounting to $1,899.45, which defendant was required to suffer as a penalty to a third party, Hawley Fuel Corporation, purchaser of certain coal sold to it by the defendant. This coal was involved in a shipment of forty-five carloads of coal which was mixed in with other coal sold by the defendant to the Hawley Fuel Corporation, the penalty being charged back to the defendant under an agreement or contract between the defendant and Hawley Fuel Corporation, which stated that if the coal contained an ash content in excess of seven (7%) percent, a penalty was to be charged against the seller. Not only was the coal produced and delivered by the plaintiff mixed with other coal by the defendant before shipment and sale to the purchaser who claimed the penalty against the defendant, but there was no opportunity given to the plaintiff, as should have been done under the provisions of its contract with defendant, to investigate the cause of such refund, and the coal was not rejected by the defendant after an inspection which could have been made by the defendant under the contract.

The defendant also made a claim against the plaintiff in the amount of $1440.00 for the use of a bulldozer and a claim in the amount of $180.00 for copper wire. The trial court having found under the evidence that the copper wire was worth the amount claimed and allowed by the plaintiff, the question of the difference in the amount claimed by the defendant cannot be considered by this Court in any event, because it

was a question of fact determined by the trial court sitting in lieu of a jury which is supported by evidence contained in the record. 1 M.J., Appeal and Error, §§ 258, 284; *Shaffer v. Shaffer,* 51 W. Va. 126, 41 S. E. 166; *State v. Adams,* 108 W. Va. 453, 151 S. E. 432.

The claims asserted by the defendant amounted to more than the amount sued for by the plaintiff and the trial court held that these claims could not be shown in evidence without the filing of a plea of set-off or recoupment, and, therefore, rejected same. It also appears from the opinion written by the court that the defendant is not entitled to recover these claims under the condition of the contract because no inspection was made of the coal, either at the place of production or at a point of delivery and no rejection made because it was not merchantable or saleable, as provided for in the contract, and because the plaintiff had no notice of any agreement between the defendant and the purchaser, Hawley Fuel Corporation, as to the refund or credit memoranda and there was no opportunity given to the plaintiff to investigate the cause of the refund as required under the provisions of the contract with the defendant.

We are of the opinion that the trial court was correct in both respects regarding the pleading and the contract. The record does not indicate that the defendant complied with the conditions of the contract. The language of a contract must be construed as a whole, and effect given to every provision thereof, if possible. 4 M.J., Contracts, §48; *Williams v. South Penn Oil Co.,* 52 W. Va. 181, 43 S. E. 214; *Clayton v. Nicely,* 116 W. Va. 460, 182 S. E. 569.

The trial court held in this case that the claim of the defendant against the plaintiff for the use and services of its bulldozer could not be introduced into evidence because a plea of set-off had not been filed. This is one of the errors relied on by the defendant for reversal.

The ruling of the trial court, with regard to this question, is correct. The counterclaim of set-off cannot be proved or allowed under the general issue. It must be set out or described in a plea or in an account filed therewith in order to give a plaintiff notice of its nature. Code, 56-5-4; *Choen v. Guthrie et al.,* 15 W. Va. 100; *The First National Bank of Wellsburg v. Kimberlands,* 16 W. Va. 555; *Guthrie v. Huntington Chair Co.* 69 W. Va. 152, 71 S. E. 14; *Richmond City & S.P. Ry. Co. v. Johnson,* 90 Va. 775, 20 S. E. 148.

In the case of *Teter v. George,* 86 W. Va. 454, 459, 103 S. E. 275, in connection with this matter, it was held: "The court did not err in striking out such evidence of set-offs as the defendant George adduced. A plea of set-off accompanied by a bill of particulars, or a notice specifying the items to be set off, was essential to admission of proof thereof, and he had filed none."

The counterclaim of set-off was not known to the common law and is of statutory origin. When used by a defendant in an action on a contract, it must be for a liquidated amount arising out of a different transaction than that sued on, and in the absence of a plea or notice specifying the items claimed, proof thereof is inadmissible. *Teter v. George,* 86 W. Va. 454, 103 S. E. 275; *Johns-Manville Sales Corporation v. Connelly,* 144 W. Va. 498, 108 S. E. 2d 836. The counterclaim of recoupment is of common law origin and must arise out of the same transaction. Notice of such claim with items listed therein is required before it can be asserted under the general issue. See Hogg's Pleading and Forms, Fourth Edition, § § 310, 700; *Sterling Organ Co. v. House,* 25 W. Va. 64; *Cheuvront v. Bee et al.,* 44 W. Va. 103, 28 S. E. 751; *Franklin v. T. H. Lilly Lumber Co.,* 66 W. Va. 164, 66 S. E. 225; *Wilson v. Wiggin,* 73 W. Va. 560, 81 S. E. 842; *Monongahela Tie & Lumber Co. v. Flannigan,* 77 W. Va. 162, 87 S. E. 161.

In the case of *Cheuvront v. Bee et al., supra,* the reason for filing a plea or notice of the claim with a

statement of the items claimed in such case is clearly set out where the Court stated: "The plea of recoupment need not be in any particular form, so that it is sufficient to give the plaintiff full notice of the various items of damages relied on by defendants." The case of *Franklin v. T. H. Lilly Lumber Co., supra,* cited by the defendant in its brief, is authority for the same proposition. It holds that although no formal plea is required, a notice of the items claimed must be given to the plaintiff. Where evidence is offered only to show that the defendant owes the plaintiff nothing by virtue of payment, release or accord and satisfaction, this could be done in a case of this kind under the general issue without filing a special plea or notice setting up the items claimed. *Lackey v. Price,* 142 Va. 789, 128 S. E. 268; *Ridgeley v. Town of W. Fairmont,* 46 W. Va. 445, 33 S. E. 235; *Schmulbach v. Williams,* 95 W. Va. 281, 120 S. E. 600.

The claim for the use and services of the bulldozer, not being specifically covered in the contract, would be an illustration of set-off, and the claim of penalties charged as a result of the coal not being of proper quality, as provided in the contract, would come under the category of recoupment; and in either category some pleading or notice had to be filed before proof was admissible.

This case was tried under the old procedure. As to future procedure in such matters, see Section 7 (a) and Section 13 of the New Rules of Civil Procedure of West Virginia, effective July 1, 1960.

For the reasons stated herein, the judgment of the Circuit Court of Raleigh County, is affirmed.

*Affirmed.*