No. 21-0913 – *Wesbanco Bank, Inc. v. Ellifritz*

**FILED**

**June 15, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Hutchison, J., concurring, joined by Walker, C.J.:

I join the majority opinion believing it reaches the correct result. I briefly concur to express my belief that it is time for this Court to revisit Syllabus Point 4 of *Peters v. Peters*, 191 W. Va. 56, 443 S.E.2d 213 (1994).

In Syllabus Point 4 of *Peters*, this Court held:

> The rules of a bank voluntarily adopted by it become a valid agreement or contract between the bank and its depositors when an account is opened and the passbook is issued or a certificate of deposit purchased pursuant to the printed rules set forth in the passbook or the certificates. However, mere boilerplate recitals of the obligation to present passbooks or surrender endorsed certificates at the time of withdrawal constitute nothing more than general statements of bank policy and as such create no substantive rights in depositors. Thus, when the terms relating to the requirement of presentation of a passbook or certificate are positioned or articulated in such a way as to make it evident that a Bank does not intend the terms to be binding, no contract exists as to those terms.

I find this language to be internally inconsistent and inconsistent with general law.

First, I think Syllabus Point 4 is internally inconsistent. Syllabus Point 4 provides that "mere boilerplate recitals of the obligation to present passbooks or surrender endorsed certificates at the time of withdrawal constitute nothing more than general statements of bank policy and as such create no substantive rights in depositors." That statement seems to me to be absolute, such terms are not binding. Yet, the next sentence

1

provides that "when the terms relating to the requirement of presentation of a passbook or certificate are positioned or articulated in such a way as to make it evident that a Bank does not intend the terms to be binding, no contract exists as to those terms." This sentence implies to me that such provisions are binding unless it is evident by their position or articulation in the passbook or CD that they are not. This is hardly the height of careful judicial draftsmanship or a means to provide predictability in the law. This discrepancy in Syllabus Point 4 needs to be addressed.

Second, Syllabus Point 4 implies, if it does not outright state, that boilerplate language in a contract may be ignored. I disagree. We have long held that all terms in a contract are to be given effect if possible. "A contract must be considered as a whole, effect being given, if possible, to all parts of the instrument." Syl., *Clayton v. Nicely*, 116 W. Va. 460, 182 S.E. 569 (1935); *see also Wood Coal Co. v. Little Beaver Min. Corp.*, 145 W. Va. 653, 657, 116 S.E.2d 394, 397 (1960) ("The language of a contract must be construed as a whole, and effect given to every provision thereof, if possible."). Boilerplate language is, for good or ill, part of the contract, *see, e.g., C3 Invs. of N. Carolina, Inc. v. Ironshore Specialty Ins. Co.*, No. 2:19-CV-2609-DCN, 2020 WL 705172, at *5 (D.S.C. Feb. 12, 2020) ("[B]oilerplate language in a contract is not benign, and the court is required to give every provision in a contract legal effect."); *Albany Ins. Co. v. M/V SEALAND URUGUAY*, No. 00 CIV.3497(JSM), 2002 WL 1870289, at *3 (S.D.N.Y. Aug. 13, 2002) ("Although the quoted section is part of the bill of lading's boilerplate language, it is nevertheless part of the contract and binding on the parties."); *Girardi Distributors, Inc. v. Truck Drivers*

2

*Union, Loc. 170 aw Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, No. 88-0089-XX, 1989 WL 200979, at *2 (D. Mass. June 15, 1989) (footnote omitted) ("All parts of a contract are to be given effect, whether 'boilerplate' or not."), and is enforceable unless its application violates some other legal doctrine. *See, e.g.*, Syl. Pt. 1, *Maddy v. Maddy*, 87 W. Va. 581, 105 S.E. 803 (1921) ("In construing a deed, will, or other written instrument, it is the duty of the court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties wherever that is reasonably clear and free from doubt, unless to do so will violate some principle of law inconsistent therewith."). Syllabus Point 4 of *Peters* is inconsistent with general principles of contract law.

I respectfully concur with the majority's opinion.