## CHARLESTON.

BOWLING *v.* WALLS.

Submitted April 23, 1912.    Decided June 24, 1913.

1. SET OFF AND COUNTER CLAIM—*Action on Note—Breach of Contract.*

   In an action on a note given as consideration for the sale of a store the maker of the note may claim recoupment for damages arising from breach by the vendor of his agreement made in the transaction of the sale not to go into the mercantile business as a competitor of the vendee for a stipulated period, though the agreement is contained in a separate writing." (p. 639).

2. DAMAGES—*Breach of Contract—Evidence.*

   In such an action the proof of the extent of the damages under the notice of recoupment need not be definite and specific; the jury may find the amount of damages necessary to compensate the injury proved by resorting to reasonable inferences from the facts, circumstances, and data furnished by the evidence. (p. 639).

(MILLER, JUDGE, absent.)

Error to Circuit Court, Raleigh County.

Action by T. C. Bowling against D. B. Walls and others. Judgment for defendant and plaintiff brings error.

*Affirmed.*

*Farley & Ward,* for plaintiff in error.

*File & File,* for defendant in error.

ROBINSON, JUDGE:

Bowling sold his store to Walls and agreed to stay out of the mercantile business for a period of four months. Part of the consideration for the sale was represented by notes. The agreement not to compete was a part of the transaction of sale but was contained in a separate writing of the same date as that of the notes. When Bowling sued on one of the notes, Walls claimed recoupment for breach of the agreement, and produced evidence at the trial tending to prove that within the four months Bowling went into the mercantile business in the name of his brother, as a competitor of Walls. The jury found for

defendant, thus recognizing that Walls had been injured by Bowling's breach to the extent of the balance due on the note for which the suit was brought. Bowling seeks to reverse the judgment entered on this verdict.

Plaintiff submits that a breach of the agreement on his part does not afford matter of recoupment as against one of the notes given in the sale of the store. That damages for a breach of the agreement may be made matter of recoupment by defendant in this suit, we have no doubt. Those damages arise out of the very transaction which affords a basis of plaintiff's action. They grow out of the contract for the sale of the store, as fully as plaintiff's cause of action grows therefrom. The case comes clearly within the principle of recoupment as stated by a well known author: "The right of the defendant to recoup must necessarily arise out of contract, and this defense is only available when the basis of the plaintiff's action is a contract; and his complaint is that there has been a breach thereof by the defendant; in which case the defendant may recoup any damages which may have resulted to him by a breach of another portion of the contract or of a contract made at the same time and constituting a part and parcel of the same transaction, whether contained in one writing or in two separate writings, or one in writing and the other in parol, provided, however, they are all one transaction." Hogg's Pleading and Forms, (2nd ed.), sec. 262.

Another point of error is that the damages allowed by way of recoupment against the note are excessive and not supported by evidence. From the evidence the jury were warranted in finding that plaintiff violated the agreement that he made in connection with the sale of the store. Moreover, there is evidence amply tending to prove injury to defendant. Facts, circumstances, and data appear from which the jury were warranted in finding the amount of damages they did. In cases of this character it is not required that proof of the extent of the damages be definite and specific. There must be proof of injury, but the jury may find the amount of damages by drawing reasonable inferences from the facts, circumstances, and data furnished by the evidence. This subject of the measure of damages for the violation of good will contracts like the one

involved in this case is fully discussed in 3 Sutherland on Damages, at section 658.

It seems wholly unnecessary to discuss other points assigned. They involve no doubtful propositions of law.

An order affirming the judgment will be entered.

*Affirmed.*