# CHARLESTON.

WEST VIRGINIA PULP & PAPER COMPANY *v.* JOHN L. WHITMORE *et. al.*

Submitted November 16, 1921.    Decided November 22, 1921.

1.    SET-OFF AND COUNTERCLAIM—*Whether Matter Constitutes Setoff Depends on Susceptibility of Determination Rather Than its Arising Out of Basic Transaction.*

Whether matter relied upon as an offset may properly be

treated as such does not depend upon whether the same grows out of the transaction which is the basis of the plaintiff's suit, or arises out of a different transaction, but upon the character of the claim itself.    If it is susceptible of accurate determination by calculation it is proper matter for offset.    (p. 626).

2.   SAME—*In Assumpsit on Note for Advancements, Held, That Defendant Might Set Off Materials Furnished to Plaintiff.*

   In an action of assumpsit on a note given by the defendant to secure advancements made to him by the plaintiff in the performance of a contract between the parties by which the defendant furnished to the plaintiff certain material, and which contract the defendant is prevented from performing by the refusal of the plaintiff to make further advancements in accordance with the terms of the contract, defendant may set up as an offset the price or value of the material so received by the plaintiff from him under the contract and recover over should the price or value of such material exceed the advancements made.    Such a claim is not one for unliquidated damages.    (p. 626).

3.   TRIAL—*Verdict in Gross Sum for Defendant Held to Constitute Determination That Set Off Exceeded Plaintiff's Claim.*

   Where in an action of assumpsit the defendant files a claim of sets-off exceeding in amount the claim of the plaintiff, and the jury finds in favor of the defendant a gross sum, such verdict is a finding upon all of the matters submitted to the jury and is a determination by it that the defendant's claim exceeds the plaintiff's claim by the amount of the jury's verdict.    (p. 627).

4.   SAME—*Verdict Interpreted as Being in Favor of Defendant Filing Set-off.*

   In interpreting the verdict of a jury the court may look to the pleadings in the case, and where it appears therefrom that two defendants were sued, one of whom was simply surety for the other, and the principal defendant filed a claim of offsets which exceeded the amount of the plaintiff's claim, and the jury finds a verdict in favor of the defendant for a gross sum, it will be interpreted as a finding in favor of the defendant who filed the claims of set-off. (p. 627).

   (LIVELY, JUDGE, absent.)

Error to Circuit Court, Berkeley County.
Action by the West Virginia Pulp & Paper Company

against John L. Whitmore and wife. Judgment for the defendants, and plaintiff brings error.

*Affirmed.*

*II. H. Emmert,* for plaintiff in error.
*Luttrell & Rodgers,* for defendant in error.

Ritz, President:

This action of assumpsit was brought to recover on a negotiable promissory note for the sum of $375.00 executed by the defendants to one T. C. Baker, and by him endorsed to the plaintiff. The defendant John L. Whitmore, the principal debtor, the other defendant, his wife, being only surety, filed a plea of offsets, and upon a trial of the matters involved before a jury a verdict was found in favor of the defendant for the sum of $1125.00 upon which judgment was duly rendered, to review which this writ of error is prosecuted.

There is no conflict in the evidence. The testimony offered by the plaintiff to establish the note sued upon is not questioned; neither is the evidence offered by the defendant John L. Whitmore to establish his offset. The facts disclosed by the record are that Whitmore entered into a contract with the plaintiff by which he agreed to cut for it certain pulp wood at certain prices, the agreement being that the plaintiff would furnish him from week to week advancements of money sufficient to meet his expenses, these advancements to be deducted from the amount due him when the wood was received by the plaintiff, and the quantities definitely ascertained. Under this arrangement advancements of considerable sums were made to Whitmore by Baker, the agent of the plaintiff. At the time of giving the note sued on in this case Whitmore applied for an advancement to take care of the wages due his men. Baker, representing the plaintiff, advised that he could not make any further advancements without security; that the wood all remained in the woods, and because of the severe weather the plaintiff had been unable to take the same up, for which reason no insurance could be obtained thereon, and should it be destroyed the loss would fall entirely on the plaintiff without any means of protecting itself. Whitmore agreed to give his note evi-

dencing the advancement, but Baker advised him that this would not be sufficient, that he must have security thereon, and suggested that Whitmore have his wife become his surety. Whitmore declined to ask his wife to become surety on the note, but Baker did ask her to become such surety, and explained to her the arrangement under which and the purpose for which the note was given, and advised her that she would never have any of it to pay. With the understanding that it was given to secure an advancement made to her husband upon the contract for getting out the pulp wood, she became surety on the note sued on in this case. Whitmore was unable to secure further funds to carry on his business. He had borrowed all he could at the banks for the purpose, and the plaintiff declined to make him any further advancements, as it was required to do under its contract, so that he was compelled to discontinue the work of cutting the wood. When weather conditions improved, the plaintiff sent its men upon the ground and took up the wood already cut by Whitmore, and never accounted to him therefor. A witness who actually measured the wood taken up by the plaintiff says that there were 267 cords of pulp wood for which Whitmore was to be paid under the contract $15.50 a cord; 47½ cords of cord wood at the price of $10.00 a cord; and 30 tons of bark at $12.00 a cord, making a total of $4973.50. There is no attempt made to controvert these figures. Whitmore says that the plaintiff is entitled to a credit of $2.00 a cord for hauling the pulp wood, which would reduce this amount to the extent of $534.00; and further that it is entitled to a credit for all of the advancements made to him amounting to the sum of $3146.78, and that giving the plaintiff credit for these advancements and for hauling the pulp wood, he is entitled to recover the sum of $1282.72. The jury found in his favor only the sum of $1125.00. As above stated, there is no conflict in the evidence on any of these propositions and a recovery by the defendant for an amount approximating that found by the jury must have been a foregone conclusion, and the judgment rendered thereon must be affirmed here, unless the propositions of law relied upon by the plaintiff compel its reversal.

The first contention of the plaintiff is that the defendant's claim of offset is for unliquidated damages which, under our decisions, cannot be filed as an offset, but can only be treated as a recoupment, and then only allowed to the extent of extinguishing the plaintiff's claim, and the cases of *Mononga-hela Tie & Lumber Co.* v. *Flannagan*, 77 W. Va. 162, and *Van Raalte Co.* v. *Solof Bros. Co.*, 108 S. E. 488, are relied upon to support this contention. From what we have said it is apparent that the offset filed by Whitmore does not include any damages for the failure of the plaintiff to keep its contract with him. In other words, he has waived the damages sustained by him by reason of plaintiff's breach of its contract, and has simply filed his offset for the material actually furnished at the contract price, or at prices which it is admitted in this record are the actual value of the property taken. If Whitmore in this case was presenting a claim for profits which he would have made had he been allowed to complete the work under the contract, then the decisions cited would have some application. In the case of *Van Raalte Co.* v. *Solof Bros. Co.* the offset attempted to be filed was for damages which the defendants claimed by reason of the failure of the plaintiff to ship it certain goods which the plaintiff had contracted to furnish; and in the case of *Mononga-hela Tie & Lumber Co.* v. *Flannagan*, the offset insisted upon was for damages which the defendant claimed because of being deprived of an opportunity to sell her property by the failure of the plaintiff to keep its contract. The distinction between an offset and a recoupment under our practice is that recoupment must of necessity, in order to be available, grow out of the transaction upon which the plaintiff's suit is based, while offset, whether growing out of the same transaction, or another transaction, must be for a claim readily ascertainable—in other words, in the nature of a liquidated claim. It is not material whether the offset arises out of the same transaction or a different transaction. The thing that characterizes it as an offset is not the transaction out of which it arises, but whether the items set up are of that certain character which makes the amount easily ascertainable by simple calculation. *Cook Pottery Co.* v. *Parker*, 86

W. Va. 580; *Tidewater Quarry Co.* v. *Scott,* 105 Va. 160.   In
this case there is no uncertainty at all about the items claimed
as an offset.   They were of• that character which might be
recovered in an action for goods sold and delivered.   The
·damages, if any, sustained by the defendant from the breach
of the contract by the plaintiff are not claimed in this suit.
The allowance of this offset in this case is strictly in accord
with the practice in this jurisdiction.

The plaintiff further insists that the judgment should be
reversed and the verdict set aside for the reason that it
does not respond to the issues in the case.   The verdict was
simply a finding in favor of the defendant for the sum of
$1125.00.   The argument is that this does not definitely
determine the plaintiff's claim which was set up and unde-
nied, nor does it indicate which defendant the finding is in
favor of..   It is quite true, the verdict does not in terms dis-
pose of the plaintiff's claim, but the record discloses very
clearly that the matter involved upon the trial was the bal-
ance due, if any, to the defendant J. L. Whitmore because
of the material furnished by him to the plaintiff, and the
verdict necessarily determined all of the matters submitted
by the parties upon this question, including the note sued,
upon, which had been given to secure an advancement made
by the plaintiff to the defendant 'Whitmore.   In *Black* v.
*Thomas,* 21 W. Va. 709, it is held that where in an action
of assumpsit the defendant pleads payment and files with his
plea a specification of sets-off exceeding in amount the de-
mand of the plaintiff, and the jury by its verdict finds for the
defendant a gross sum, under the provisions of § 9, ch. 126
of the Code, such verdict is interpreted as a finding that the
set-off exceeds the amount to which the plaintiff was entitled
by the sum so found, and the verdict is not ambiguous.   This ·
is bound to be the case for the record discloses that the mat-
ter to be determined by the jury was the status of the ac-
counts between the parties, and their verdict can be inter-
preted in no other light than as ascertaining that the plain-
tiff owed the defendant $1125.00 more than it had advanced
to him.   It means this and nothing else.

Nor is there any merit in the plaintiff's contention that the

verdict is so ambiguous that judgment could not be rendered thereon because it simply finds in favor of the defendant, without stating which one of the defendants the finding is in favor of. In interpreting the verdict the court may look to the pleadings in the case. *Williams* v. *Ewart,* 29 W. Va. 659; *Adamson* v. *Traction Co.,* 111 Va. 556. When we do this we find that there is only one substantial defendant in the case. There was only one defendant setting up any offset, and he was the principal in the note sued on. There could be no recovery in favor of the other defendant for the very good reason that she filed no offset and made no counter claim against the plaintiff. Looking at the pleadings, we are not left in doubt as to which defendant the jury found in favor of, and the court below properly rendered judgment in favor of the only defendant who had filed a claim of off-sets.

There is no more merit in the plaintiff's contention that the evidence does not justify the verdict. The plaintiff insists that the verdict is excessive and cannot be justified. To reach this conclusion, however, he gives the plaintiff credit for all of the advancements which the defendant Whitmore says were made to him, and then gives the plaintiff additional credit for the $375.00 note without any evidence to justify treating the note in any other way than as a part of the advancements. In fact, the uncontradicted evidence is that it was made as an advancement, and presumably it was included in the amount shown as having been advanced by the company to Whitmore.

Finding no merit in any of the plaintiff's contentions, we affirm the judgment.

*Affirmed.*