# CHARLESTON.

## FRED N. STEWART v. SURILDA O. ELKINS

### (No. 5389)

Submitted April 27, 1926.     Decided May 4, 1926.

VENDOR AND PURCHASER—*If Vendor is Without Fault, and Purchaser Refuses to Complete Contract Because of Unsubstantial Objection to Vendor's Title, He Cannot Ordinarily Recover Money Which He has Paid on Contract.*

When a vendor is without fault and the vendee has refused to complete an executory contract because of unsubstantial objection to the vendor's title, the vendee cannot ordinarily recover the money he has paid on the contract.

(Vendor and Purchaser, 39 Cyc. p. 2025.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Wyoming County.

Assumpsit by Fred N. Stewart against Surilda O. Elkins. Judgment for the defendant, and plaintiff brings error.

*Affirmed.*

*J. Albert Toler,* for plaintiff in error.

HATCHER, JUDGE:

This is an action in assumpsit brought in the circuit court of Wyoming County. From a directed verdict in favor of defendant, the plaintiff has been granted a writ of error here.

On August 9, 1921, the parties hereto entered into a written contract of sale and purchase of the mineral on a tract of about fifty acres owned by defendant. The price agreed on was $40.00 an acre, the correct acreage to be determined by a survey. The survey was to be made, and an abstract of title to be furnished at the expense of defendant. $300.00 was paid by plaintiff, and the balance of the purchase price was to be paid within ninety days after the completion of the survey and abstract; and the title passed upon by plaintiff's attorney.

By agreement of the parties the plaintiff had the survey and abstract made, for which he paid $80.00. Both were completed in about six weeks from date of contract. The abstractor found the title good, but reported an unreleased judgment (amount not given), as a cloud on the title. This judgment had been secured thirty-five years before date of abstract. The report also stated that all judgments against the property had been barred by the statute of limitations.

On December 17, 1921, the plaintiff wrote defendant that the survey and abstract had been completed; that "there is a judgment yet unpaid: but a release of it will be prepared and executed in a short time"; and that plaintiff had paid and expended on the deal $386.00, and if defendant would repay that amount, he would release her from the contract. On March 12, 1923, the plaintiff wrote defendant another letter asking her if she wanted the judgment released and advising

her that his attorney would have a release executed if she desired it. The release was not obtained, and the plaintiff made no more payments on the property.

The defendant grew weary of waiting on the plaintiff, and in June of 1923 conveyed her mineral to other parties. This action is to recover the amount paid and expended by plaintiff in connection with the contract.

The plaintiff admits that he did not offer to pay the balance of the purchase price and did not demand a deed. He says he was able and willing at all times to complete his payments, but did not do so "because the title was not clear." The defendant's sons, Denny and Rice, testify that they, for their mother, importuned plaintiff on various occasions to finish paying for the mineral; that plaintiff had admitted to them not having the money and not being able to borrow it; and that plaintiff had recommended to them that their mother sell the minerals to someone else. One Otway Stewart testified that about two years before the trial plaintiff had said he was not able then to take defendant's land. The case was tried in December, 1923.

The fact that the judgment against the property was not released of record was no justification of plaintiff's refusal to complete the contract. That objection is without substance. The judgment had been barred of recovery for a quarter of a century. The law had written its release. Consequently the sole question presented here, is, can a purchaser in default under an executory contract recover at law his payments thereon, his vendor not being in default. There seems to be no division of authorities in denying such recovery. The law is settled, that when a vendor is without fault, and the vendee with no substantial cause has refused or is unable to perform his part of an executory contract, the vendee is not allowed to recover what he has paid, and his action for that purpose will not be entertained. 29 A. & E. Ency. Law, 729; 27 R. C. L., 624; 39 Cyc., 2025 (b); 2 Minor Inst. (2nd Ed.), 781. "It may be asserted, with confidence, that a party who has advanced money, or done an act in part performance of an agreement and then stops short, and refuses to proceed to

the ultimate conclusion of the agreement, the other party being ready and willing to proceed and fulfill all his stipulations, according to the contract, has never been suffered to recover for what has been thus advanced, or done. * * * It would be an alarming doctrine, to hold, that the plaintiffs might violate the contract, and because they chose to do so, make their own infraction of the agreement the basis of an action for money had and received. Every man who makes a bad bargain, and has advanced money upon it, would have the same right to recover it back that the plaintiffs have. The defendant's subsequent sale of the land does not alter the case. The plaintiffs cannot, by their own wrongful act, impose upon the defendant the necessity of retaining property which his exigencies may require him to sell; this would be most unreasonable and unjust, and is not sanctioned by any principle of law.'' *Ketchum & Sweet* v. *Evertson,* (N. Y) 13 Johns. 359, (365). *Wheeler* v. *Mather,* 56 Ill. 241 (246-7); *Steinbach* v. *Pettingill,* 67 N. J. L. 36; *Downey* v. *Riggs,* 102 Iowa 88; *Sanders* v. *Brock* (Pa.) 35 L. R. A. N. S. 532. See numerous authorities cited in the opinions of the two cases last named.

*Bier* v. *Smith,* 25 W. Va. 830, is relied on by plaintiff. In that case a bill in equity was dismissed because of variance between the allegation and the proof. The plaintiff had alleged that after the vendee in an executory contract, who was not in default, had died, the vendor sold the contracted property to a third person without giving the vendee's heirs an opportunity to complete the payments on the purchase price. Point 2 of the syllabus in that case was designed to express the law applicable to the situation, as alleged. In that case the vendor was at fault. In this case the vendor is without fault. Therefore that case has no application here.

The judgment of the lower court is accordingly·

*Affirmed.*