# CHARLESTON.

WILLIAMS HARDWARE CO. *v.* PHILLIPS.

(No. 6705)

Submitted April 23, 1930.   Decided April 29, 1930.

*Frank Cox* and *Richard Earle Davis,* for plaintiff in error.
*Charles C. Scott* and *Moreland & Guy,* for defendant in
error.

HATCHER, JUDGE:

In August, 1928, defendant entered into an agreement
with plaintiff to represent it as local agent for Atwater-Kent
radios. The contract was confirmed by a letter containing the
following provision: "As stated before, we have no exclusive
arrangements anywhere, but we do control the Atwater-Kent
line in the territory in which we operate, and no more dealers
will be appointed in Morgantown and vicinity so long as you
give us the proper representation, and should a matter of this
nature come up we will talk it over with you before any move
of this kind is made." The defendant proceeded to buy radios
from plaintiff and sell them according to the contract. In Feb-
ruary, 1929, plaintiff appointed another local agent for the
radios without having discussed the matter with defendant.
At this time plaintiff had certain notes and a check of defend-
ant for radio supplies previously purchased by him under the
contract. The check and three of the notes were not paid.

Plaintiff brought suit therefor, and defendant filed a plea of recoupment for damages due to plaintiff's breach of the contract. Upon trial of the case, the court struck out defendant's evidence of damages and instructed the jury to find for plaintiff. That action of the court is charged as error here.

Plaintiff maintains that the damages to be recouped must arise out of the contract sued on; that the agreement here for representation is one contract, and the purchase of merchandise is another; that the claim for recoupment arises from the contract for representation, while the notes and check arise from the contract of purchase, and that therefore damages for breach of the former contract cannot be recouped in a suit to collect under the latter. The contention is sound as to law, but unsound as to application. The promise to "talk it over" with defendant before appointing another agent was an integral part of the plaintiff's agreement, just as the obligation to pay was an integral part of the defendant's agreement. The promise of plaintiff entered into the consideration for the promise of the defendant. The promises of both parties related to one subject (Atwater-Kent radios), and formed one contract. *Sterling Organ Co.* v. *House,* 25 W. Va. 64, is a case very similar to this one in principle. There plaintiff entered into a contract with defendant for him to sell organs in a certain territory, the merchandise to be furnished by it as requested, and the arrangement to be terminated only after reasonable notice. Plaintiff failed to furnish organs when requested without reasonable notice to defendant, whereby he suffered damage. In a suit by plaintiff for the purchase price of organs previously sold to defendant, the whole transaction was treated as one contract, and he was allowed to recoup the damage. See generally, *Bowling* v. *Walls,* 72 W. Va. 638; Hogg's Pl. & Forms, p. 207; 24 R. C. L. p. 847; Annotation, 40 Am. Dec. p. 322.

Defendant had the right to submit to the jury evidence of damages arising from the breach of plaintiff's promise. The action of the lower court in excluding that evidence was error.

The judgment will therefore be reversed, the verdict set aside, and a new trial awarded.

*Reversed; new trial awarded.*