IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 11, 2021 Session

## DEBORAH BISTOLFI FELKER ET AL. V. REX STEPHEN FELKER

**Appeal from the Circuit Court for Shelby County**
**No. CT-1907-19         Valerie L. Smith, Judge**

_____

### No. W2019-01925-COA-R3-CV
_____

This case involves a post-divorce complaint to enforce the parties' Marital Dissolution Agreement ("MDA"), which was executed in 2005 in Shelby County, Tennessee. The complaint was filed in the Shelby County Circuit Court ("trial court") by the wife and the parties' adult son. The husband, now a resident of Hamblen County, Tennessee, filed a motion to dismiss based on, *inter alia*, lack of personal jurisdiction, improper venue, and expiration of the statute of limitations. The husband also subsequently filed an answer to the complaint, denying that the wife was entitled to relief and asserting various affirmative defenses. The trial court denied the husband's motion to dismiss, determining that jurisdiction was proper in Shelby County. The court further found that the husband had breached the terms of the MDA and that the complaint was not time-barred. The court ordered the husband to procure life insurance for the benefit of the parties' son within thirty days and to cooperate with the wife's procurement of additional life insurance on the husband's life. The court also ordered the husband to pay the wife's attorney's fees. The husband has appealed. Determining that the applicable statute of limitations had expired before the complaint was filed, we reverse the trial court's judgment and remand for entry of a judgment of dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

David A. Lufkin, Sr., Knoxville, Tennessee, for the appellant, Rex Stephen Felker.

G. Hite McLean, III, Memphis, Tennessee, for the appellees, Deborah Bistolfi Felker and Stewart James Felker.

**OPINION**

**I. Factual and Procedural Background**

On August 12, 2005, Deborah Bistolfi Felker ("Wife") and Rex Stephen Felker ("Husband") executed an MDA during their divorce proceedings in the trial court. The MDA was filed with the trial court on August 17, 2005, and the trial court subsequently entered a final decree of divorce on September 30, 2005. Although the final divorce decree mentioned that an MDA had been executed, the MDA was not incorporated by reference into the final decree.

On April 30, 2019, Wife filed a complaint in the trial court alleging that Husband had breached the terms of the MDA.[1] The parties' adult son, Stewart James Felker ("Son"), was also named as a plaintiff in the action, although he did not personally sign the complaint.[2] In their complaint, Wife and Son (collectively, "Plaintiffs") cited language in the MDA providing, *inter alia*, as follows:

> Husband shall maintain in full force and effect, a minimum of $150,000 of life insurance on himself, naming a testamentary trust to be provided for [Son], through Husband's Will, as the sole beneficiary.
>
> Husband affirms that such life insurance is already in place, through his employer's group insurance benefits, with [Son] named as the sole beneficiary, and shall remain as such, until his Will can be revised with provisions for the testamentary trust, reviewed by an attorney, and the Bank or Financial Institution.
>
> Husband further agrees to provide a copy of the revised Will, within thirty (30) days of the entry of the Final Decree of Divorce, designating Wife and a major bank or financial institution as successor or co-trustees, with Wife named first, and also stipulating that [Son] shall be the irrevocable beneficiary of such life insurance policy, or successor policies thereto.

(Paragraph numbering omitted.) In addition, the MDA provided that Wife would have the option of acquiring additional life insurance on Husband's life and that Husband would cooperate by submitting to any examinations or providing documents necessary to obtain such insurance.

---

[1] This complaint bears a different case number than the parties' original divorce action.

[2] We note that Son had attained the age of majority on April 22, 2005.

- 2 -

Plaintiffs asserted in the complaint that Husband had breached the provisions of the MDA by (1) failing to provide a revised copy of his will, (2) failing to establish a testamentary trust, (3) failing to maintain the requisite life insurance policy, and (4) refusing to cooperate so that Wife could obtain life insurance on his life. Plaintiffs sought an order from the trial court directing Husband's compliance with the terms of the MDA, as well as an award of their attorney's fees incurred pursuant to the MDA's terms.

Plaintiffs attached a copy of the MDA to the complaint as well as a copy of a letter that had been written by Husband on November 14, 2016. In this letter, Husband stated that immediately after the parties' divorce, he had inquired about establishing a testamentary trust but was informed that doing so was "far more complicated and expensive than we realized, and intended for much larger sums of money." Husband also stated in the letter that he had updated his will in 2009 and provided a copy to Wife and Son. Husband acknowledged that he had maintained a life insurance policy with Son as beneficiary until Husband retired in January 2016. According to Husband, the intent of the parties in executing the MDA containing the above-quoted life insurance requirements was so that the life insurance proceeds could replace Husband's alimony payments to Wife until such time as the alimony obligation was fully paid. Husband claimed that his alimony obligation had ceased in 2013 and that he had overpaid his obligation by approximately $51,000.00.

The record reflects that Plaintiffs' attorney scheduled the matter for hearing on June 28, 2019. The summons issued to Husband indicates that Husband was served via hand delivery on May 8, 2019, at his residence in Morristown, Tennessee. The summons was served by a private process server, who subsequently executed an affidavit of service that was filed with the trial court.

On June 10, 2019, Husband filed a motion seeking dismissal of the complaint pursuant to Tennessee Rule of Civil Procedure 12.02. Husband also sought a protective order providing that Husband did not have to appear at the scheduled hearing or answer discovery. Husband asserted that venue was improper because the complaint instituted a new action against him in Shelby County while he was a resident of Hamblen County. Husband also contended that the trial court lacked personal jurisdiction over him and further asserted that Plaintiffs lacked standing. In addition, Husband asserted that in Tennessee, judgments "are only valid for ten (10) years unless renewed within those ten years," arguing that the judgment at issue was more than thirteen years old. Husband consequently argued that the trial court lacked subject matter jurisdiction due to expiration of the applicable statute of limitations.[3] Husband further posited that the doctrine of laches operated to bar the action.

---

[3] As our Supreme Court has pointed out: "A statute of limitations defense challenges the sufficiency of a particular claim, not the subject matter jurisdiction of the court in which the claim is filed." *In re Estate of Brown*, 402 S.W.3d 193, 199 (Tenn. 2013).

On June 13, 2019, Plaintiffs filed a motion to strike, arguing that Husband's motion to dismiss was untimely because it was filed within thirty days of the hearing date in violation of Shelby County Circuit Court Local Rule 6. Plaintiffs further asserted that Husband's attorney had not entered a proper appearance in the matter. In addition, Plaintiffs purportedly filed a motion seeking to compel discovery. The trial court conducted a hearing concerning the pending motions on June 21, 2019. During that hearing, Husband's counsel acknowledged that he had filed a motion to dismiss and had set the motion for hearing on June 28, 2019. Because Husband's motion to dismiss had not yet been placed in the case file, the court continued the hearing until July 31, 2019. Husband's counsel indicated that he would brief the issues raised in the motion to dismiss prior to that date.

On July 11, 2019, the trial court entered an order concerning the June 21, 2019 hearing, providing:

1.      [Husband] filed a Motion to Dismiss and for Protective Order on June 10, 2019 and erroneously set same for June 28, 2019 in noncompliance with the Local Rules of the Shelby County Circuit Court.

2.      Due to [Husband's] failure to comply with the Rules, the disposition of the Motion to Dismiss and all other pending Motions is hereby deferred until the trial on the merits of Plaintiffs' Complaint which is hereby specially set for hearing on July 31, 2019 at 10:00 A.M.

Plaintiffs thereafter filed a response in opposition to Husband's motion to dismiss.

On July 31, 2019, Husband filed an affidavit in support of the motion to dismiss. Husband stated that he had been a resident of Hamblen County and the "Knoxville vicinity" since 2008 and that Hamblen County was approximately 450 miles from the Shelby County Courthouse. Husband affirmed that he had attempted to comply with the provisions of the MDA by immediately corresponding with his employer concerning insurance coverage. Husband related that since he underwent open-heart surgery in 2009, he had been "uninsurable for life insurance coverage" despite his attempts to obtain coverage. According to Husband, he had provided Wife with a copy of his latest will, which was executed in 2009 prior to his surgery. Husband also claimed that he had overpaid his alimony obligation to Wife by at least $51,000.00.

Husband concomitantly filed an answer and counterclaim. In his answer, Husband averred that the MDA was unclear and ambiguous. Husband admitted that he had never established a testamentary trust pursuant to the MDA's terms. Husband denied having failed to obtain the required life insurance policy and also denied having been

- 4 -

uncooperative with Wife's attempt to obtain a life insurance policy. Husband pled various affirmative defenses, including expiration of the statute of limitations and laches. In his counterclaim, Husband sought an award of attorney's fees solely from Wife.

Husband additionally filed a memorandum in support of his motion to dismiss on July 31, 2019, wherein he clarified that he was relying upon expiration of the six-year statute of limitations applicable to contracts. Husband postulated that based upon the plain language of the MDA, the claim for breach of contract would have accrued on October 30, 2005, when Husband failed to furnish Wife with a copy of a revised will providing for a testamentary trust for Son.

The trial court conducted a hearing on July 31, 2019, taking all matters under advisement at the hearing's conclusion. Following the filing of Wife's answer to Husband's counterclaim and Husband's motion to allow a reply thereto, the trial court entered an order on October 9, 2019, denying Husband's motion to dismiss. In its order, the court stated that due to confusion regarding knowledge of the Shelby County local rules as well as "email correspondence with the clerk, FedEx delivery to Chancery Court rather than Circuit Court, and e-filing," the court had determined at the July 31, 2019 hearing that it would hear the proof in the matter and take the motion to dismiss under advisement in the interest of judicial economy.

The trial court ruled in the October 9, 2019 order that "jurisdiction is proper in Shelby County as the breach occurred here via [Husband's] letter dated November 14, 2016." The court further found that the breach occurred on that date and that "nothing in the record . . . show[s] that [Husband] failed to comply with the provisions of the MDA prior to that date." As such, the court determined that the breach had occurred within the six-year statute of limitations and therefore denied Husband's motion to dismiss.

With regard to Plaintiffs' claims, the trial court stated in its order that it had heard testimony from Chirag Chauhan, a certified financial planner and investment fiduciary, who testified that "health conditions do not necessarily preclude the procurement of life insurance." The court determined Mr. Chauhan's testimony to be credible. The court also noted that it had heard Wife's testimony concerning the parties' intent when executing the MDA and likewise found Wife's testimony to be credible. The court further considered as evidence Husband's November 2016 letter, which was made an exhibit at trial.

According to the trial court's findings in its order, Wife testified that it was the parties' intent for Husband to maintain life insurance for the benefit of Son and for Wife to be able to obtain such insurance as well. The court determined that Husband had presented no proof to dispute Wife's evidence of Husband's breach of the MDA's terms. The court accordingly ordered Husband to procure life insurance in the amount of

$150,000.00 for the benefit of Son within thirty days and to cooperate with Wife's procurement of life insurance covering Husband's life.

The trial court also found that the MDA provided for an award of attorney's fees to a prevailing party upon determination of a breach. The court therefore ordered Husband to pay Wife's attorney's fees in the amount of $16,176.66. Husband timely appealed.

Following the filing of various motions by the parties concerning the record on appeal, this Court remanded the matter to the trial court on May 26, 2020, for the limited purpose of allowing the trial court to rule on Plaintiffs' motion to correct the record. On June 25, 2020, the trial court entered an order granting Plaintiffs' motion to correct the designation of the record. The trial court incorporated by reference a previous order approving Plaintiffs' designation of the record and granting to Plaintiffs an award of $4,262.50 in attorney's fees incurred in bringing such motion before the court.

## II. Issues Presented

Husband presents the following issues for this Court's review, which we have restated slightly:

1.     Whether the trial court erred by determining that Plaintiffs' action was not time-barred by the applicable statute of limitations.

2.     Whether the trial court and its clerk violated Husband's due process rights provided by the United States and the Tennessee Constitutions.

Plaintiffs present the following additional issue:

3.     Whether this Court should award to Plaintiffs their attorney's fees incurred in this appeal pursuant to the MDA's provisions and/or Tennessee Code Annotated § 27-1-122.

## III. Standard of Review

Husband essentially argues that the trial court erred by failing to grant his motion to dismiss based upon expiration of the statute of limitations, which issue is analyzed pursuant to Tennessee Rule of Civil Procedure12.02(6). *See, e.g.*, *Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 638 (Tenn. 2003). The trial court's denial of the motion to dismiss presents a question of law that this Court reviews *de novo* with no presumption of correctness accorded to the conclusions reached below. *See Conley v. State*, 141 S.W.3d 591, 594-95 (Tenn. 2004); *Leach v. Taylor*, 124 S.W.3d 87, 90 (Tenn. 2004). "When

reviewing a dismissal of a complaint under Rule 12.02(6), this Court must take the factual allegations contained in the complaint as true and review the trial court's legal conclusions de novo without any presumption of correctness." *Leach*, 124 S.W.3d at 90.

Although the trial court relied upon Husband's letter, which was attached to the complaint, when ruling on the motion to dismiss, we note that this fact does not serve to convert the motion to one seeking summary judgment. Generally, "[i]f matters outside the pleadings are presented in conjunction with either a Rule 12.02(6) motion [to dismiss] or a Rule 12.03 motion [for judgment on the pleadings] and the trial court does not exclude those matters, the court must treat such motions as motions for summary judgment and dispose of them as provided in Rule 56." *Patton v. Estate of Upchurch*, 242 S.W.3d 781, 786 (Tenn. Ct. App. 2007). Exceptions to this general rule exist, however, for "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *W. Exp., Inc. v. Brentwood Servs., Inc.*, No. M2008-02227-COA-R3-CV, 2009 WL 3448747, at *3 (Tenn. Ct. App. Oct. 26, 2009) (quoting *Ind. State Dist. Council of Laborers v. Brukardt*, No. M2007-02271-COA-R3-CV, 2009 WL 426237, at *8 (Tenn. Ct. App. Feb. 19, 2009) (stating that the above-listed items "may be considered . . . without converting the motion into one for summary judgment.")). Because Husband's letter was attached to the complaint and its authenticity was not questioned, we determine that the trial court properly analyzed the statute of limitations issue pursuant to the Rule 12.02(6) standard.

IV. Compliance with Tennessee Rule of Appellate Procedure 27(a)

As a threshold issue, Plaintiffs argue that Husband's principal brief on appeal fails to comply with the requirements of Tennessee Rule of Appellate Procedure 27(a) such that the issues he has raised should be deemed waived and his appeal dismissed. Rule 27(a) states in pertinent part:

(a)     Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

* * *

(7)     An argument, which may be preceded by a summary of argument, setting forth:

(A)     the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate

- 7 -

references to the record (which may be quoted verbatim) relied on; and

(B)    for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Plaintiffs posit that Husband has failed to provide appropriate authority for his contentions on appeal and has likewise failed to include proper citations to the appellate record.

As this Court has previously explained with regard to deficiencies in an appellate brief:

Our Courts have "routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as described by Rule 27(a)(7) constitutes a waiver of the issue[s] [raised]." *Bean v. Bean,* 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). In *Bean,* we went on to hold that "an issue is waived where it is simply raised without any argument regarding its merits." *Id.* at 56; *see also Newcomb v. Kohler Co.,* 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (holding that the failure of a party to cite to any authority or to construct an argument regarding his or her position on appeal constitutes waiver of that issue). As we stated in *Newcomb,* a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." *Newcomb,* 222 S.W.3d at 400. It is not the function of this Court to verify unsupported allegations in a party's brief or to research and construct the party's argument. *Bean,* 40 S.W.3d at 56.

*Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009). Having thoroughly reviewed Husband's appellate brief herein, we conclude that he has sufficiently complied with Rule 27(a) such that we are able to address his contentions without having to construct the argument on his behalf. We therefore decline to consider his issues waived.

V.  Statute of Limitations

Husband argues that the trial court erred in its determination concerning the applicable statute of limitations. Husband posits that because his breach of the MDA's provisions actually occurred in 2005, the breach of contract claim filed by Plaintiffs in 2019 was untimely. In its October 9, 2019 order, the trial court found that the breach occurred on November 14, 2016, based on Husband's letter of that date, and the court noted that "nothing in the record . . . show[s] that [Husband] failed to comply with the

provisions of the MDA prior to that date." As such, the court determined that Plaintiffs' breach of contract claim was timely filed within the six-year statute of limitations.

The parties do not dispute that the MDA's provisions at issue herein retained their contractual nature and therefore would properly be enforced in an "independent action applying general principles of contract law." *See Brewer v. Brewer*, 869 S.W.2d 928, 932 (Tenn. Ct. App. 1993) (explaining that MDA provisions not incorporated by reference in the final decree and those neither approved nor disapproved by the trial court may be enforced via a contract action); *see also Long v. McAllister-Long*, 221 S.W.3d 1, 9 (Tenn. Ct. App. 2006) ("To the extent that obligations in a marital dissolution agreement retain their contractual character, they should be construed and enforced like other contracts."). Likewise, the parties do not dispute that the applicable statute of limitations for an action asserting breach of contract is six years from the time the cause of action accrued. *See* Tenn. Code Ann. § 28-3-109(a)(3).

Accordingly, the question that remains is whether the trial court properly determined the date upon which the cause of action accrued for statute of limitations purposes. As this Court has explained:

> A cause of action for breach of contract accrues on the date of the breach or when one party demonstrates a clear intention not to be bound by the contract. *Wilkins v. Third Nat'l Bank in Nashville*, 884 S.W.2d 758, 761-62 (Tenn. Ct. App. 1994). "Thus, the statute of limitations begins to run when a contracting party first knows or should know that the contract will not be performed." *Wilkins*, 884 S.W.2d at 762.

*Coleman Mgmt., Inc. v. Meyer*, 304 S.W.3d 340, 348-49 (Tenn. Ct. App. 2009) (footnote and other internal citations omitted).

As this Court has elucidated concerning review of a motion to dismiss:

> A Rule 12.02(6) motion to dismiss challenges only the legal sufficiency of the complaint itself, and not the strength of the plaintiff's proof. The court must construe the complaint liberally, presuming all facts as alleged by plaintiff to be true and affording plaintiff the benefit of all reasonable inferences. The trial court should not dismiss the complaint for failure to state a claim unless it appears that the plaintiff can prove no facts in support of the claim that would warrant relief.

*Davidson v. Bredesen*, 330 S.W.3d 876, 882 (Tenn. Ct. App. 2009) (internal citations omitted).

Taking the factual allegations contained in the complaint as true, it would appear that the earliest breach of the MDA occurred in 2005 when Husband "failed and/or refused to provide [Wife] with a copy of his Will" and to "establish a testamentary trust" in accordance with the MDA. The MDA specifically provides in pertinent part:

> Husband shall maintain in full force and effect, a minimum of $150,000 of life insurance on himself, naming a testamentary trust to be provided for [Son], through Husband's Will, as the sole beneficiary.

> Husband affirms that such life insurance is already in place, through his employer's group insurance benefits, with [Son] named as the sole beneficiary, and shall remain as such, until his Will can be revised with provisions for the testamentary trust, reviewed by an attorney, and the Bank or Financial Institution.

> Husband further agrees to provide a copy of the revised Will, within thirty (30) days of the entry of the Final Decree of Divorce, designating Wife and a major bank or financial institution as successor or co-trustees, with Wife named first, and also stipulating that [Son] shall be the irrevocable beneficiary of such life insurance policy, or successor policies thereto.

The parties' final decree of divorce was entered on September 30, 2005; therefore, the above-quoted provisions would have required Husband to provide Wife with such documentation no later than October 30, 2005. According to Plaintiffs' allegations in the complaint, Husband failed to do so and also failed to cooperate with Wife to allow her to obtain a life insurance policy on his life.

The present action was not filed until 2019, despite Plaintiffs' allegations that the earliest breach occurred in 2005. Plaintiffs argue, however, that the MDA's provisions were "continuing," such that the most recent breach in 2016 with regard to maintenance of Husband's life insurance policy is the important date. Although Plaintiffs cite no authority for this contention, we recognize that the courts of Tennessee have concluded that a contract may be entire or severable and that such designation will affect the determination of when a breach occurs and when the statute of limitations begins to run. *See Greene v. THGC, Inc.*, 915 S.W.2d 809, 811 (Tenn. Ct. App. 1995). As the *Greene* Court further instructed:

> "Where a contract is severable or divisible, breaches of its severable parts will give rise to separate causes of action accruing at different times, . . ." *Brockett v. Pipkin*, 25 Tenn. App. 1, 8, 149 S.W.2d 478, 482 (1941) (quoting 37 C.J. Limitations of Actions § 216 (1925)). Under these circumstances, the statute of limitation will begin to run at the time of each

breach. *Id*. On the other hand, "if a continuing contract is entire, an action can be maintained on it only when a breach occurs or the contract is in some way terminated, and the statute begins to run from that time only." 54 C.J.S. Limitations of Actions, § 154 (1987).

*Id*.

With regard to the question of what constitutes a severable contract, this Court has explained:

> Basically a contract is not severable or [divisible] when its purpose, terms and nature contemplate that its parts and consideration shall be interdependent and common to each other. There is no precise definition of when a contract is "entire" or when it is "severable" and each case must ultimately depend on its own facts; however, a whole or entire contract has been referred to as a contract in which the "promises of both parties are interdependent and relate to the same subject matter," *Williams Hardware Co. v. Phillips*, 109 W. Va. 109, 153 S.E. 147 (1930), or "is one which may not be divided into independent parts." *LeMire v. Haley*, 91 N.H. 357, 19 A.2d 436, 439 (1941). A [divisible] contract, on the other hand, has been referred to as one in which the performance is "divided into different groups, each set embracing performances which are the agreed exchange for each other," *Pittsburgh Plate Glass Co. v. Jarrett*, 42 F. Supp. 723, 730 (M.D. Ga. 1942), modified on other grounds, *Jarrett v. Pittsburgh Plate Glass Co.*, 131 F.2d 674 (5th Cir. Ga. 1942), or a contract in which the "performance is divided into two or more parts with a definite apportionment of the total consideration to each part." *Integrity Flooring v. Zandon Corp.*, 130 N.J.L. 244, 32 A.2d 507, 509 (N.J. 1943).

*James Cable Partners, L.P. v. City of Jamestown*, 818 S.W.2d 338, 344 (Tenn. Ct. App. 1991) (other internal citations omitted).

In the case at bar, the trial court stated no conclusion concerning the nature of the parties' MDA as either an entire or a severable contract; however, the trial court's determination that the breach occurred in 2016 appears to assume that the contract was severable. Inasmuch as this presents a question of law that we must analyze *de novo*, we have examined the MDA's language and have determined that the MDA is not a severable contract. The MDA contains "promises of both parties [that] are interdependent and relate to the same subject matter," and separate consideration cannot be apportioned to each of the items. *See id*.; *see also Bratton v. Bratton*, 136 S.W.3d 595, 602 (Tenn. 2004).

We find the *Bratton* decision to be instructive in this matter. In *Bratton*, the parties entered into a post-nuptial agreement providing for the future division of their property and support for the wife in the event that the husband committed statutory grounds for a divorce. *See* 136 S.W.3d at 598-99. The trial court determined that the agreement was severable and that consideration existed for the portion providing for property distribution but not for the portion providing for spousal support. *See id*. at 602. Our Supreme Court disagreed with this severability finding, stating:

> If several things are to be performed under a contract and the consideration is apportioned to each of the items, the contract is ordinarily regarded as severable. However, a contract is not severable or [divisible] when its purpose, terms and nature contemplate that its parts and consideration shall be interdependent and common to each other.
>
> * * *
>
> Considering the intent of the parties in forming this agreement, we hold that the agreement is not severable. The purpose of the agreement was to provide support for the wife in the event of a divorce. While one paragraph deals with property and one deals with income, both are triggered by the same event—a divorce following statutory fault by the husband. The provisions were not intended to be performed separately, but rather as part of a single divorce proceeding.

*Id*. (other internal citations omitted).

Similarly, here, we determine that the MDA is not severable because the purpose of the agreement was to distribute the parties' property and provide financial support and security for Wife (and Son) based on the parties' divorce. As such, the provisions were triggered by the same event and were part of a single divorce proceeding. Plaintiffs have failed to demonstrate that separate consideration was apportioned to each item or that performance was "divided into different groups, each set embracing performances which are the agreed exchange for each other." *See James Cable Partners*, 818 S.W.2d at 344.

We therefore determine that the trial court erred by concluding that the complaint was filed within the applicable six-year statute of limitations. Wife's allegations in the complaint establish that Husband's breach of the MDA's provisions occurred in 2005 when he "failed and/or refused to provide [Wife] with a copy of his Will" and to "establish a testamentary trust," thereby demonstrating "a clear intention not to be bound by the contract." *See Coleman Mgmt.*, 304 S.W.3d at 348-49. As such, the breach of contract claim filed in 2019 was untimely, and the trial court erred by failing to grant Husband's motion to dismiss.

## VI. Due Process Argument

Husband also argues that the trial court violated the due process requirements contained within the United States and the Tennessee Constitutions by, *inter alia*, failing to rule upon his motion to dismiss prior to the trial date. Having determined that Plaintiffs' claims must be dismissed due to expiration of the applicable statute of limitations, however, we determine this issue to be pretermitted as moot.

## VII. Attorney's Fees on Appeal

Plaintiffs assert that they should be awarded attorney's fees on appeal pursuant to the MDA's provisions and/or Tennessee Code Annotated § 27-1-122 (2017). The MDA provides:

> In the event that it shall be determined by a court of competent jurisdiction that either party shall have breached any of the covenants herein contained in this Agreement . . . the offending party shall pay to the other his or her reasonable attorney's fees and court costs incurred in the enforcement of the provisions of this Agreement . . . .

Inasmuch as Wife was unsuccessful in her attempt to enforce the MDA's provisions, we determine that an award of attorney's fees is not appropriate pursuant to the above-quoted language.

Tennessee Code Annotated § 27-1-122 provides for an award of attorney's fees on appeal when an appeal is deemed "frivolous" or is found to have been taken solely for delay. Because Husband was successful in his appeal of the trial court's judgment, we determine that this statute does not provide authority for an award of attorney's fees to Plaintiffs in this matter.

## VIII. Conclusion

For the foregoing reasons, we reverse the trial court's judgment in its entirety and dismiss the claims filed by Plaintiffs. We deny Plaintiffs' request for an award of attorney's fees on appeal. We remand this matter to the trial court for entry of a judgment of dismissal and collection of costs assessed below. Costs on appeal are assessed to the appellees, Deborah Bistolfi Felker and Stewart James Felker.

s/ Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE

- 13 -