723 S.E.2d 398

**MUNICIPAL MUTUAL INSURANCE COMPANY OF WEST VIRGINIA,**
Defendant Below, Petitioner

v.

Terry HUNDLEY, Individually and as Administrator of the Estate of Audrey Hundley, Deceased, Plaintiff Below, Respondent.

No. 11–0107.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 19, 2011.

Decided Nov. 23, 2011.

John J. Polak, Esq., Atkinson & Polak, PLLC, Charleston, WV, for Municipal Mutual Insurance Company of West Virginia.

Ronald H. Hatfield, Jr., Esq., Orndorff & Hatfield, Barboursville, WV, for Terry Hundley.

PER CURIAM:

Petitioner Municipal Mutual Insurance Company of West Virginia (hereinafter "Mu-

tual") appeals the portion of the August 17, 2010, order of the Circuit Court of Wayne County that granted partial summary judgment to Respondent Terry Hundley in his action against Mutual asserting coverage for the loss by theft of two all terrain vehicles (hereinafter "ATVs") under a homeowner's insurance policy issued by Mutual. On appeal, Mutual contends that the policy became void for lack of an insurable interest after the death of its sole named insured. Alternatively, Mutual argues that there is no coverage under the plain language of the policy. After careful consideration of the parties' arguments and the applicable law, this Court agrees with Mutual that the loss by theft of the ATVs is not covered under the language of the policy relied on by the circuit court. Therefore, we reverse the circuit court's order and we remand to the circuit court for proceedings consistent with this opinion.

## I.

### FACTS

Audrey Hundley was the only owner of a home and parcel of property in Wayne County, West Virginia. Ms. Hundley's property was covered by a homeowner's insurance policy which she purchased from Mutual. Ms. Hundley was the sole named insured in the homeowner's policy. Ms. Hundley died on November 8, 2007. At the time of her death, Jeffrey Shawn Hundley, a son, was the only other resident of her home.

No one immediately informed Mutual of Ms. Hundley's death. Five days after her death, Mutual issued a renewal declarations sheet for Ms. Hundley's homeowner's policy for the period from December 13, 2007, to March 13, 2008. After Ms. Hundley's death, either her son Terry Hundley, the respondent in this case, or Terry Hundley's sister paid the premium on the policy. Mutual subsequently reissued the policy for three month terms on March 13, 2008; June 13, 2008; and September 13, 2008. At no time during this period did anyone inform Mutual that Ms. Hundley had died.

In October 2008, Terry Hundley filed a notice of claim on the homeowner's policy in which he indicated that two ATVs had been stolen from the property covered by the poli-

cy. At this time, he informed Mutual that Audrey Hundley was deceased, that he was the administrator of her estate, and that he now lived on the property covered by the policy. This was the first time that Mutual had been made aware of Ms. Hundley's death.

Significantly, Terry Hundley was the sole owner of the stolen ATVs. At the time of Audrey Hundley's death in November 2007, Mr. Hundley did not reside with his mother, and his ATVs were not kept on his mother's property. He moved into his mother's former residence in the summer of 2008, at which time he moved the ATVs onto the property.

When Mutual learned of Audrey Hundley's death, it rescinded her homeowner's policy and immediately issued a premium refund check payable to Audrey J. Hundley in care of Terry Hundley. Mutual also refused to pay Terry Hundley's claim for the stolen ATVs. Terry Hundley did not cash the premium refund check.

Subsequently, Terry Hundley sued Mutual in the Circuit Court of Wayne County alleging several causes of action including four counts for breach of contract. In its ruling below, the circuit court granted partial summary judgment to Terry Hundley on one count for breach of contract. Specifically, the court found that there is coverage for the loss by theft of Terry Hundley's two ATVs under the "Coverage C—Property Not Covered" section of the homeowner's policy. Mutual now appeals this portion of the August 17, 2010, order to this Court.

## II.

### STANDARD OF REVIEW

■ In this case, this Court is called upon to review a grant of partial summary judgment. In doing so, we must determine the proper coverage of an insurance policy. Therefore, our review is plenary. See Syl. pt. 2, *Riffe v. Home Finders Associates, Inc.*, 205 W.Va. 216, 517 S.E.2d 313 (1999) (holding that "[t]he interpretation of an insurance contract, including the question of whether the contract is ambiguous, is a legal determination that, like a lower court's grant of

summary judgment, shall be reviewed de novo on appeal").

III.

DISCUSSION

Mutual raises two assignments of error in its challenge to the circuit court's grant of partial summary judgment. First, Mutual asserts that the homeowner's policy, which was issued solely to Audrey Hundley, became void for lack of an insurable interest as a result of Ms. Hundley's death. This Court does not deem it necessary to address this issue. Instead, we find that the language of the homeowner's policy controls the disposition of this case. Therefore, we now proceed to address Mutual's second assignment of error.

■ According to Mutual, the circuit court erred in finding that the homeowner's policy language extends coverage to the loss by theft of Terry Hundley's ATVs. In order to properly address this assignment of error, this Court must consider several sections of the homeowner's policy which we reproduce below.

DEFINITIONS

In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We," "us" and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:

\* \* \* \*

3. "Insured" means you and residents of your household who are:

    a. Your relatives; or

    b. Other persons under the age of 21 and in the care of any person named above.

\* \* \* \*

8. "Residence Premises" means:

    a. The one family dwelling, other structures, and grounds; or

    b. That part of any other building;

where you reside and which is shown as the "residence premises" in the Declarations.

"Residence premises" also means a two family dwelling where you reside in at least one of the family units and which is shown as the "residence premises" in the Declarations.

\* \* \* \*

SECTION 1—PROPERTY COVERAGES

\* \* \* \*

COVERAGE C—Personal Property

We cover personal property owned or used by an "insured" while it is anywhere in the world. At your request, we will cover personal property owned by:

1. Others while the property is on the part of the "residence premises" occupied by an "insured";

2. A guest or a "residence employee," while the property is in any residence occupied by an "insured."

\* \* \* \*

Property Not Covered. We do not cover:

\* \* \* \*

3. Motor vehicles or all other motorized land conveyances. . . .

\* \* \* \*

We do cover vehicles or conveyances not subject to motor vehicle registration which are:

    a. Used to service an "insured's" residence[.]

\* \* \* \*

SECTIONS I AND II—CONDITIONS

\* \* \* \*

9. Death. If any person named in the Declarations or the spouse, if a resident of the same household, dies:

    a. We insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under the policy at the time of death.

    b. "Insured" includes:

(1) Any member of your household who is an "insured at the time of your death, but only while a resident of the "residence premises"; and

(2) With respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

The circuit court found coverage of the ATVs in the "Coverage C—Property Not Covered" section of the policy. In doing so, the circuit court relied upon the fact that Terry Hundley, as the appointed representative of Audrey Hundley's estate, used the ATVs to service the premises of the estate.

Mutual now contends that the circuit court's reliance on "Coverage C—Property Not Covered" is misplaced. According to Mutual, the applicable policy provision is the one regarding the death of the named insured. Mutual concludes that because the ATVs were not the property of Audrey Hundley covered under the policy at the time of her death, and were brought onto the premises by Terry Hundley after her death, there is now no coverage for the ATVs.

In his response, Terry Hundley refutes Mutual's contention that when an insured dies the coverage continues only as to the property of the deceased at the time of her death. According to Mr. Hundley, upon Audrey Hundley's death, he, as the personal representative, stepped into her shoes as the insured so that all of the provisions of the policy now apply to him, including the provision of coverage for the personal property of others while on the premises. Finally, Terry Hundley asserts that he is entitled to coverage for the loss of the ATVs because the ATVs would have been covered if Ms. Hundley had been alive at the time they were stolen.

When this Court is charged with construing an insurance policy, we are guided by several points of law. First, "[l]anguage in an insurance policy should be given its plain, ordinary meaning." Syl. pt. 1, *Soliva v. Shand, Morahan & Co., Inc.*, 176 W.Va. 430, 345 S.E.2d 33 (1986), overruled on other grounds by *National Mut. Ins. Co. v. McMahon & Sons, Inc.*, 177 W.Va. 734, 356 S.E.2d 488 (1987). Further, "[w]here the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." Syl., *Keffer v. Prudential Ins. Co.*, 153 W.Va. 813, 172 S.E.2d 714 (1970). Finally, we have held that "[a] contract must be considered as a whole, effect being given, if possible, to all parts of the instrument." Syl., *Clayton v. Nicely*, 116 W.Va. 460, 182 S.E. 569 (1935).

Upon applying these points of law to the language at issue, we conclude that the circuit court erred in finding that the language of the "Property Not Covered" section of Coverage C provides coverage to Terry Hundley's stolen ATVs. Specifically, the circuit court erred in considering the language of "Coverage C—Property Not Covered" in isolation, without reference to other applicable sections of the policy, and thereby failed to give effect to these sections.

Because Audrey Hundley, the sole named insured, died while the subject policy was in effect, the provision of the policy that is controlling in the instant case is the provision regarding the death of the named insured. This provision clearly and unambiguously indicates that upon the death of the named insured, Mutual insures "the legal representative of the deceased but only with respect to the premises and property of the deceased covered under the policy at the time of death." Because this provision is clear and unambiguous, this Court simply will give the provision the plain meaning intended. It is undisputed that the ATVs were not the property of Audrey Hundley covered under the policy at the time of her death. It is likewise undisputed that the ATVs were not on the property's premises until after her death. For these reasons, the ATVs are not covered under the provision of the policy regarding the death of the named insured.

Finally, this Court finds no merit to Terry Hundley's position that upon Audrey Hundley's death, Terry Hundley stepped into Audrey Hundley's shoes as the insured under the policy with respect to the coverage of the ATVs. This contention finds no support in the language of the insurance policy and in fact conflicts with the plain language of the policy that Mutual insures the legal representative of the deceased "but only with respect to the premises and property of the

deceased covered under the policy at the time of death."

IV.

CONCLUSION

For the reasons stated above, we find error in the circuit court's ruling that the "Property Not Covered" section of the homeowners' insurance policy at issue provides coverage for the loss by theft of Terry Hundley's ATVs. Therefore, we reverse the August 17, 2010, order of the Circuit Court of Wayne County that granted partial summary judgment to Terry Hundley in his action against Municipal Mutual Insurance Company of West Virginia, and we remand this case to the circuit court for proceedings consistent with this opinion.

Reversed and remanded.